GUADALUPE V. GONZALEZ

V.

FAIRFAX HOSPITAL SYSTEM, INC., ET AL.

Record No. 890114

March 2, 1990

Present: All the Justices

*William F. Wall* for appellant.

*Judith B. Henry (John E. McIntosh, Jr.; Crews & Hancock*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

The issue in this appeal is whether, as the trial court ruled, the Medical Malpractice Act (the Act), Code §§ 8.01-581.1 to -581.20, applies to this tort action.

Guadalupe V. Gonzalez brought this action against Fairfax Hospital System, Inc., Everett M. Devaney, the hospital's administrator, and Dr. Faton Gashi, Chairman of the hospital's Department of Physical Medicine and Rehabilitation. While a patient in the hospital, Gonzalez was treated for peripheral vascular disease, possible deep vein thrombosis, and possible infection of his left great toe. In his amended motion for judgment, Gonzalez alleges that, on June 9, 1986, during a physical therapy session, his left great toe was "traumatized and lacerated by a screw, screw-like device or other metal object located inside the tub that was being used for [his] whirlpool treatment."

Gonzalez further alleges that employees and agents of the hospital charged with his care were negligent in

a. [f]ailing to set the brakes on [his] wheelchair;

b. [p]lacing and arranging [his] wheelchair and the whirlpool tub in such a position that any significant movement of [his] left leg would bring his foot into contact with a protruding screw head, the whirlpool device or other sharp metal object;

c. [f]ailing to inspect the tub . . . prior to beginning [his] treatment, and failing to notice that a screw head, portion of the whirlpool device or other sharp metal object was exposed and could easily come into contact with [his] foot; and

d. [f]ailing to exercise due care for the safety of [Gonzalez] when moving about or working in the vicinity of his wheelchair while [his] foot was only inches away from a dangerous object within the whirlpool tub.

Gonzalez also alleges that Devaney and Dr. Gashi were negligent in

a. [f]ailing to furnish [him with] a wheelchair and whirlpool tub that were reasonably safe for use;

b. [f]ailing to maintain the wheelchair and whirlpool tub provided for [his] use in a reasonably safe condition;

c. [f]ailing to establish, implement and enforce policies, practices and procedures for the safe and proper use of wheelchairs and for conducting safety inspections of whirlpool tubs; and

d. [f]ailing to adequately train and supervise employees to insure that they always locked on the brakes of [the wheelchairs of patients] who were receiving whirlpool treatments and that they followed good safety practices in examining whirlpool tubs before beginning a patient's treatment.

The hospital, Devaney, and Dr. Gashi filed a plea in bar in which they moved for a dismissal of Gonzalez's amended motion for judgment because Gonzalez failed to provide them with a written notice of claim as required by Code § 8.01-581.2(A).[1] The trial court sustained the plea, dismissed the amended motion for judgment, and entered judgment for all defendants. Gonzalez appeals.

Gonzalez contends on appeal, as he did in the court below, that his action is not brought for malpractice but is merely a claim based upon "ordinary, traditional negligence." Gonzalez concedes that the alleged negligent acts "*could* be construed" to be malpractice if the Act were given a literal reading. (Emphasis in original.) However, he asserts that the General Assembly did not intend such a result.

---

[1] Code § 8.01-581.2(A) provides in pertinent part:

No action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice.

 Code § 8.01-581.2 provides that "[n]o action may be brought for *malpractice* against a *health care provider*" unless a notice of claim is given. (Emphasis added.) " '*Malpractice*' means any *tort based on health care* or professional services rendered, . . . by a health care provider, to a patient." Code § 8.01-581.1. (Emphasis added.) " '*Health care*' means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment or confinement." *Id.* The Act also defines "*[h]ealth care provider*," in pertinent part, as "a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, . . . physical therapist, [or] physical therapy assistant." *Id.*

 It is well-settled that "[w]hen a statute is clear and unambiguous, its plain meaning must be accepted without resort to extrinsic evidence or the rules of construction." *Compton v. Commonwealth*, 239 Va. 312, 314, 389 S.E.2d 460, 461 (1990) (this day decided). *Accord Va. Dept. of Labor v. Westmoreland Coal Co.*, 233 Va. 97, 99, 353 S.E.2d 758, 760-61 (1987); *Ambrogi v. Koontz*, 224 Va. 381, 386, 297 S.E.2d 660, 662 (1982).

 The relevant language in the Act, specifically the definitions of "health care," "health care provider," and "malpractice," is clear and unambiguous. The alleged negligent acts occurred while Gonzalez was receiving treatment as a patient in the hospital. Therefore, he was receiving "health care" as defined by the Act. Code § 8.01-581.1. Additionally, the alleged tort was "based on health care or professional services rendered . . . to a patient," which constitutes "malpractice." *Id.* Finally, Gonzalez concedes that the health care he received was rendered by "health care provider[s]," *i.e.*, a hospital, a hospital administrator, and a physician. *Id.*

Thus, applying the "plain meaning" rule, we conclude that the allegations in the amended motion for judgment bring Gonzalez's action within the purview of the Act. This conclusion accords with our holding in the recent case of *Glisson v. Loxley*, 235 Va. 62, 366 S.E.2d 68 (1988). *Accord Edwards v. City of Portsmouth*, 237 Va. 167, 172, 375 S.E.2d 747, 750 (1989).

 Gonzalez invites us to read the Act more narrowly than it is written. We decline the invitation. When there is a claim that the language employed in a statute is too broad in its scope, the fault,

if any, should be corrected by the General Assembly, not by this Court. *Durham Bros.* v. *Woodson*, 155 Va. 93, 101, 154 S.E. 485, 487 (1930).

■ Finally, Gonzalez contends that if his action comes within the Medical Malpractice Act, the Act is unconstitutional as applied to him because it violates the equal protection guarantee in the fourteenth amendment of the Constitution of the United States. We reject this contention for the reason stated in *Etheridge* v. *Medical Center Hospitals*, 237 Va. 87, 103-04, 376 S.E.2d 525, 533-34 (1989), and in *Boyd* v. *Bulala*, 877 F.2d 1191, 1196-97 (4th Cir. 1989).[2]

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

---

[2] Although *Etheridge* and *Boyd* dealt, *inter alia*, with an equal protection challenge to the Act's cap on damages, Code § 8.01-581.15, the same test and rationale applied in those cases are applicable in the present case.