JAMES L. WILLIAM

v.

CITY OF NEWPORT NEWS

Record No. 891570

November 9, 1990

Present: All the Justices

*Stephen M. Smith* for appellant.

*Allen L. Jackson, Deputy City Attorney (Verbena M. Askew, City Attorney; Arthur G. Lambiotte, Senior Assistant City Attorney,* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this case we must determine whether the employee of an employer which self-insures its motor vehicles is entitled to recovery under the uninsured motorist protection statute, Code § 38.2-2206.

On December 22, 1988, James L. William was injured by a vehicle operated by an unknown, uninsured motorist. At the time of the accident, William was a passenger in a vehicle owned by the City of Newport News and was acting within the scope of his employment by the City. William filed a negligence suit against the uninsured motorist and, pursuant to Code § 8.01-222, notified the City of his intention to make a claim "under the City's Uninsured Motorist provisions of [the City's] self-insurance plan." William applied for workers' compensation but was not covered by any other policy of insurance.[1]

---

[1] The City initially denied coverage under the Workers' Compensation Act but, prior to the conclusion of the trial of this suit, agreed to a workers' compensation settlement.

The City filed a motion for declaratory judgment seeking a determination that its sole obligation to William was pursuant to the Workers' Compensation Act, Code §§ 65.1-1 *et seq.* The trial court granted the City's motion, and dismissed the City from the case. Following trial on William's negligence action, the court entered a final judgment for William on a jury verdict against the uninsured motorist for $30,000. We awarded William an appeal from the trial court's declaratory judgment that the City had no liability to William under the uninsured motorist protection provisions.

Although we have considered an employee's ability to recover for injuries inflicted by uninsured motorists in the past, the particular issue in this case is one of first impression. In *Yellow Cab Co.* v. *Adinolfi*, 204 Va. 815, 134 S.E.2d 308 (1964), we held that an employee injured in the course of his employment by an uninsured motorist could not recover for his injuries under the uninsured motorist provisions of the Code because the motor vehicle which he was operating at the time of the accident was not insured by a commercial liability policy. The employer had self-insured the motor vehicle. The operative provision of the uninsured motorist protection statutes, then Code § 38.1-381, dealt "only with policies, contracts, and insurance companies. Thus a self-insurer is not affected by the principal parts of § 38.1-381." *Id.* at 818, 134 S.E.2d at 310; *see also Shelton* v. *American Re-Insurance Co.*, 210 Va. 655, 173 S.E.2d 820 (1970).

Section 38.2-2206, the successor to § 38.1-381, still refers primarily to policies, contracts, and insurance companies. However, in 1972, the General Assembly amended the motor vehicle code so that self-insurers of motor vehicles are now required to provide uninsured motorist protection "to the extent required by § 38.2-2206." Code § 46.2-368(B).[2] Therefore, *Yellow Cab* is no longer controlling.

While the City acknowledges that, as a self-insurer, it must provide uninsured motorist protection, and concedes that if William were not a city employee he would be entitled to avail himself of the recovery afforded under that protection, it argues that § 65.1-40 of the Workers' Compensation Act limits William's recovery from it to workers' compensation benefits.

---

[2] The motor vehicle code was revised again in 1989. There was no substantive change from § 46.1-395, the predecessor to § 46.2-368.

■ Section 65.1-40, known as the "exclusivity provision," states:

> The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude *all other rights and remedies* of such employee . . . at common law or otherwise, on account of such injury . . . . (emphasis added).

On its face, this section appears all-encompassing because it recognizes no exceptions in terms of remedies or parties. However, this section has not been applied as broadly as its language might imply. For example, the "exclusivity provision" does not extinguish an employee's common-law right to bring an action against a third party for injuries sustained in a work-related accident, if the tort-feasor was a stranger to the business. *Feitig* v. *Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73, 75-76 (1946). Furthermore, this section has never been invoked to prevent an employee from obtaining payment for a work-related injury compensable under a personal insurance policy.

■ The "exclusivity provision" then, does not apply to *every* right and remedy available to the employee, even though no exceptions are specifically identified. It does apply, however, to prohibit the employee from recovering damages for injuries sustained in the course of his employment in a tort action filed against his employer or fellow-employee. *Id.* at 99-101, 38 S.E.2d at 74-75.

■ Consequently, we have held that uninsured motorist protection is unavailable to an employee if the uninsured motorist causing the injury was a fellow-employee. *Aetna Casualty and Surety Co.* v. *Kellam*, 207 Va. 736, 152 S.E.2d 287 (1967), *modified*, *Fidelity and Casualty Co.* v. *Futrell*, 211 Va. 751, 180 S.E.2d 502 (1971). The disallowance is premised on the statutory declaration that the insurer's obligation to pay is limited to "all sums that [the insured] is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Code § 38.2-2206(A). An employee injured by a fellow-employee is not legally entitled to recover damages from the fellow-employee by virtue of Code § 65.1-40 and, therefore, a condition precedent to obtaining recovery under the uninsured motorist coverage sections

cannot be met. *Aetna Casualty and Surety Co. v. Dodson*, 235 Va. 346, 351, 367 S.E.2d 505, 508 (1988).

■ In contrast, we have not prevented an employee injured in the course of his employment from exercising his rights under the uninsured motorist provisions where the injury was inflicted by someone other than a fellow-employee—a stranger to the business. In *Horne v. Superior Life Ins. Co.*, 203 Va. 282, 123 S.E.2d 401 (1962), an employee injured in the course of his employment, who obtained a judgment for his injuries against an uninsured motorist, was entitled to both workers' compensation payments and recovery of the amount of his judgment under the uninsured motorist endorsement of his wife's insurance policy which insured the car in which he was riding when injured. The employee qualified as "an insured" under his wife's policy, and Code § 65.1-40 did not preclude him from recovering damages from the operator of the uninsured motor vehicle, a stranger to the business.

■ Consistent with this rationale, an employee was allowed to recover under the uninsured motorist endorsement of a motor vehicle liability policy issued to his employer when he was injured in the course of his employment by a third-party, uninsured motorist. In *Fidelity and Casualty Co. v. Futrell*, Futrell obtained a $35,000 judgment against the third-party tort-feasor. He collected $15,000 under the uninsured motorist endorsement of his own motor vehicle policy and sought the remaining payment from Fidelity, the insurer of his employer's motor vehicle which he was operating when injured. Futrell also collected workers' compensation.

While the employer's insurer argued that it was not liable under the terms of the policy, it understandably never asserted that its liability to Futrell was limited by Code § 65.1-40.[3] Indeed, Futrell was not seeking to recover damages from his employer for injuries sustained in the course of his employment. The liability for those damages was established previously by the judgment obtained by Futrell against the uninsured motorist, and it was that judgment which provided the basis for recovery under the unin-

___

[3] The perception that § 65.1-40 was irrelevant and did not bar recovery based on claims against third-party uninsured motorists was evident even in the *Yellow Cab* case. There, the second issue asserted by the employer was that the workers' compensation benefit received by the employee was the employee's "exclusive remedy." 204 Va. at 816, 134 S.E.2d at 309. Both the litigants and the trial court were satisfied that *Horne*, decided during the pendency of the *Yellow Cab* suit, resolved this issue and that workers' compensation did not constitute the employee's exclusive remedy.

sured motorist endorsement of Fidelity's motor vehicle liability policy. *Cf. Dodson, supra.*

■ The only difference between *Futrell* and the instant case is the fact that the employer here chose to provide insurance for its motor vehicles through self-insurance rather than through the purchase of a motor vehicle liability policy.[4] Our review of the pertinent statutes, policies, and cases leads us to the conclusion that this single distinction does not invoke the application of the "exclusivity provision" of the Workers' Compensation Act and is insufficient to support a result which would deny William the uninsured motorist protection allowed in *Futrell.*

■ Neither Futrell nor William sought to recover damages from his employer for injuries sustained in the course of his employment when he proceeded to enforce his rights under the uninsured motorist protection provisions. Each sought compensation which he legally was entitled to recover by virtue of a judgment against an uninsured motorist. The right to recover these sums from someone other than the uninsured motorist was imposed by statute and was reflected in the contract of insurance in *Futrell.* The existence of this right is unaffected by the form of motor vehicle liability insurance chosen by the employer/owner of the vehicle. Furthermore, specific exclusion from Code § 65.1-40 is unnecessary because, like the right to proceed against a stranger to the business for injuries incurred in the course of employment, the right to recover under the uninsured motorist provisions is not affected by the workers' compensation statutes.

This application of the Workers' Compensation Act § 65.1-40, the uninsured motorist protection provision § 38.2-2206, and the motor vehicle code § 46.2-368, as they relate to an employee, is consistent with the language of the statutes and the intent of the General Assembly in enacting uninsured motorist protection provisions. In 1972, uninsured motor vehicle protection was available to an employee who was injured while using a motor vehicle if he qualified as "an insured" under a motor vehicle liability policy, regardless of the collection of workers' compensation payments. *Futrell,* 211 Va. at 754, 180 S.E.2d at 504; *Horne,* 203 Va. at 287-88, 123 S.E.2d at 405-06. However, recovery was not avail-

---

[4] The City stated that if it had purchased insurance rather than obtaining a certificate of self-insurance for its motor vehicles, its liability to William would be dependent on whether William qualified as "an insured" under the terms of the policy, not on the application of Code § 65.1-40.

able to those injured in a self-insured motor vehicle, *Yellow Cab*, 204 Va. at 820-21, 134 S.E.2d at 312, or to those whose injury was caused by a fellow-employee, *Kellam*, 207 Va. at 741, 152 S.E.2d at 291-92.

The only precedent the General Assembly changed in 1972 was that of the *Yellow Cab* case. By amending Code § 46.1-395, now Code § 46.2-368, to require self-insureds to provide uninsured motorist protection in the same manner required of commercial insurers, the legislature clearly provided that availability of uninsured motorist protection was no longer dependent on the business decision of the motor vehicle owner in selecting a type of insurance coverage.

The City asks us to find that, although the General Assembly eliminated the inequity of basing the availability of uninsured motorist protection on whether a vehicle has commercial or self-insurance, it intended to retain that precise distinction if the injured party was an employee. This position is untenable and is not supported by the legislation.

The General Assembly did recognize a distinction in the financial implications of recovery from self-insurers and recovery from commercial insurers. The financial impact on a self-insurer for payments under the uninsured motorist protection provisions would not be limited by the amount of the premium negotiated between the insurance company and the employer as is the case if commercial insurance is involved. To compensate for this difference, recovery from a self-insurer of motor vehicles was made secondary to "any other valid and collectable insurance providing the same protection which is available to any person otherwise entitled to assert a claim to such protection" under the uninsured motorist protection provisions. Code § 46.2-368(B).

Furthermore, the General Assembly subsequently added a proviso to Code § 38.2-2206(I) which stated

provided that in the event an employee of a self-insured employer receives a workers' compensation award for injuries resulting from an accident with an uninsured motor vehicle, such award shall be set off against any judgment for damages awarded pursuant to this section for personal injuries resulting from such accident.

This provision allows the employer who self-insures his motor vehicles to set off an employee's workers' compensation payments against payments due for uninsured motorist protection.[5] Workers' compensation payments do not constitute collectable insurance available through assertion of a claim under the uninsured motorist provisions. Therefore, the secondary coverage status granted self-insurers of motor vehicles by Code § 46.2-368 is not applicable. By enacting this offset proviso, the General Assembly reinforced and complemented the distinction between commercial and self-insurance of motor vehicles previously recognized in Code § 46.2-368.

In acknowledging the different financial implications for self-insurers, the General Assembly gave no indication that it intended to change the law of *Horne* and *Futrell*. Nor is there any support for the proposition that an employee of a self-insured employer is to be denied the uninsured motorist protection available to one whose employer is commercially insured. To the contrary, the proviso in § 38.2-2206(I) specifically addresses payment adjustments to be applied when employers self-insure motor vehicles.

Finally, the City maintains that no provision of Title 38.2, the Insurance Code, can create an exception to the "exclusivity provision" of the workers' compensation statute, citing § 38.2-900.[6] Furthermore, the City argues that, in any event, no such exception should be created by implication, citing *Smith* v. *Horn*, 232 Va. 302, 351 S.E.2d 14 (1986).

We agree that where the interpretation and application of the "exclusivity provision" consistently has excluded or included certain remedies, an intent to change that application should be clear and direct. *Haddon* v. *Metropolitan Life Ins. Co.*, 239 Va.

---

[5] The City argues that "self-insured employer" applies to workers' compensation insurance rather than to motor vehicle insurance. Under this construction, both commercial and self-insurers of motor vehicles would benefit from a decreased payment liability if the employer chose to self-insure for workers' compensation purposes; however, an employer who self-insures motor vehicles could not decrease its payment liability if it had commercial insurance for workers' compensation purposes. In support the City indicates the legislature intended to modify the holding of *Horne* v. *Superior Life Ins. Co.*, *supra*. *Horne* discussed subrogation rights, not set offs, and is inapposite here. The City offers no other rationale for its construction of the proviso, and we can find none.

[6] Code § 38.2-900 provides:
All acts and parts of acts inconsistent with the provisions of this title are hereby repealed to the extent of the inconsistency. However, the provisions of this title shall not amend or repeal any provisions of Title 65.1 relating to workers' compensation.

397, 400, 389 S.E.2d 712, 714 (1990); *Smith* v. *Horn*, 232 Va. at 309, 351 S.E.2d at 18. The suggestion of the employee in *Smith* v. *Horn* that the entire category of motor vehicle accidents should be excluded from coverage under the Workers' Compensation Act would have substantially altered existing law and, therefore, should not be implemented based on a single provision of the Insurance Code relating to coverage required in motor vehicle liability insurance policies. In contrast here, however, the "exclusivity provision" has always been interpreted to allow an employee to recover for work-related injuries from third-party tort-feasors who are not fellow-employees and has never been applied to preclude the subsequent exercise of the rights granted under the uninsured motorist provisions. The cases, as discussed above, have specifically allowed recovery by an employee under these circumstances. Therefore, no change in the law is suggested here; no new exception to the "exclusivity provision" is needed; and no provision of the Insurance Code alters the application of the workers' compensation statutes as previously applied by this Court.

In conclusion, for the reasons set out above, that part of the judgment of the trial court holding .that the City of Newport News has no obligation to William under the uninsured motorist protection provisions and that its obligation to William is limited to workers' compensation payments is reversed and the case remanded for further proceedings consistent with this opinion.

> *Affirmed in part,*
> *reversed in part,*
> *and remanded.*

JUSTICE COMPTON, with whom JUSTICE RUSSELL joins, dissenting.

The General Assembly, in unambiguous language in Title 65.1, has provided that the rights and remedies granted to an employee when he and his employer have accepted the provisions of the Workers' Compensation Act to pay and accept compensation on account of personal injury by accident "shall exclude all other *rights and remedies of such employee*" at common law or otherwise, on account of such injury. Code § 65.1-40. In equally unambiguous language, the General Assembly has provided in Title 38.2, dealing with the subject of insurance, that "the provisions of

this title shall not amend or repeal any provisions of Title 65.1 relating to workers' compensation." Code § 38.2-900. Yet, the majority chooses not to follow these clear legislative mandates. Instead, the majority creates an exception by implication to the bar of § 65.1-40, using a rationale mainly based on a policy argument. I cannot participate in such an exercise.

In *Smith* v. *Horn*, 232 Va. 302, 351 S.E.2d 14 (1986), decided only four years ago, the Court confronted a similar question. The issue was whether, under the Workers' Compensation Act, an injured employee of one independent contractor was barred from instituting a common-law tort action against an employee of another independent contractor engaged by the same owner. 232 Va. at 304, 351 S.E.2d at 15. Among other contentions, the claimant argued that the Workers' Compensation Act was not intended to cover motor vehicle accidents like the one from which that action arose. In support of this argument, the claimant relied on Code § 38.2-2207 which provides that no policy of motor vehicle liability insurance "shall exclude coverage to an employee of the insured in any controversy arising between employees even though one employee shall be awarded compensation as provided in Title 65.1."

We rejected the argument and, applying the provisions of § 65.1-40, decided that, "had the General Assembly intended to exclude motor vehicle accidents from the coverage of the Workers' Compensation Act, it would have done so directly in the Act itself rather than indirectly through a provision in the insurance title of the Code." *Id.*, 232 Va. at 309, 351 S.E.2d at 18. Moreover, the Court said, Code § 38.2-900 "provided that the provisions of the insurance title 'shall not amend or repeal' any provisions of the Workers' Compensation Act." *Id.*

The majority chooses not to follow the precedent of *Smith* and, to buttress its decision, employs a statute in the motor vehicle title, Code § 46.2-368(B), which refers to a section in the insurance title, the uninsured motorist statute, § 38.2-2206. Section 46.2-368(B) merely permits the Commissioner of Motor Vehicles to issue a certificate of self-insurance when he determines that the applicant is financially responsible and when he is satisfied "that the certificate provides for protection against the uninsured motorist to the extent required by § 38.2-2206." Paraphrasing *Smith*, I am of the opinion that had the General Assembly intended to create an exception to the bar of the exclusivity provisions of § 65.1-40,

it would have done so directly in the Workers' Compensation Act itself rather than indirectly, as the majority reasons, through provisions in the motor vehicle and insurance titles.

And, the decision in *Fidelity and Casualty Co. v. Futrell*, 211 Va. 751, 180 S.E.2d 502 (1971), relied on by the majority, is not authority for disregarding Code §§ 65.1-40 and 38.2-900. *Futrell* solely involved the interpretation of an employer's insurance policy under which the injured employee, who had received benefits under the Workers' Compensation Act, qualified as an "insured." No self-insurer was involved, and the applicability of Code §§ 65.1-40 and 38.2-900 was not an issue in the case.

I would affirm the trial court's judgment that the City is not bound to provide uninsured motorist protection in addition to workers' compensation benefits when its employee is injured in a motor vehicle collision caused by the negligence of an uninsured motorist.

JUSTICE RUSSELL, with whom JUSTICE COMPTON joins, dissenting.

Code § 65.1-40 is a model of legislative clarity. It provides that the Workers' Compensation Act "shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury." No serious contention can be made that this language is ambiguous. Yet, the majority opinion appears to harbor the suspicion that the General Assembly could not have intended what it so clearly said. It proceeds to carve out an exception to this unambiguous statute, evidently based upon a theory of implied repeal.

The majority's reasoning is that the General Assembly, in amending the motor vehicle laws to require self-insured persons to provide uninsured motorist coverage, and by amending the insurance laws to make uninsured motorist coverage mandatory, has somehow repealed the "exclusivity provision" of the Workers' Compensation Act. There are at least three flaws in that reasoning. First, the motor vehicle statutes in question make no mention of the Workers' Compensation Act; they address entirely different subject matter. Second, the General Assembly has gone out of its way to preclude the kind of implied repealer for which the majority opinion argues. In Code § 38.2-900, the legislature expressly provided that the provisions of Title 38.2, which include the Unin-

sured Motorist Law, "shall not *amend or repeal any provisions of Title 65.1 relating to workers' compensation.*" (Emphasis added.) Third, implied repealer is never presumed, *City of Richmond* v. *County Board*, 199 Va. 679, 685, 101 S.E.2d 641, 646 (1958). Statutes are to be construed so as to permit them to operate in harmony, not in a way that creates conflict between them. *Albemarle County* v. *Marshall, Clerk*, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

The majority's reliance upon *Fidelity and Casualty Co.* v. *Futrell*, 211 Va. 751, 180 S.E.2d 502 (1971), is misplaced. The employee in *Futrell* was entitled to uninsured motorist coverage because the terms of an insurance contract covered him. The insurance carrier had contractually bound itself to cover persons in Futrell's position. Here, by contrast, in the absence of any contractual undertaking, the majority opinion seeks to achieve the same result by an exercise in statutory construction. Further, as the majority opinion concedes, the exclusivity provision of the Workers' Compensation Act was never raised in *Futrell*. That case involved only an interpretation of contractual policy language.

The majority opinion, having evidently determined that Code § 65.1-40 is too broad and sweeping, construes it to mean something less than it plainly says. It may be a source of considerable astonishment, if not amusement, that this Court, on the very day this case was decided, handed down a decision reiterating a principle to which we have adhered for many years: "When there is a claim that the language employed in a statute is too broad in its scope, the fault, if any, should be corrected by the General Assembly, not by this Court." *Hagan* v. *Antonio*, 240 Va. 347, 352, 397 S.E.2d 810, 812 (this day decided) (quoting *Gonzalez* v. *Fairfax Hospital System*, 239 Va. 307, 310-11, 389 S.E.2d 458, 460 (1988)); *Durham Bros.* v. *Woodson*, 155 Va. 93, 101, 154 S.E. 485, 487 (1930). Because I subscribe to that view, I would affirm.