## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Government Employees Ins. Co.

v.

Billy J. Pauley et al.

January 26, 1994

Case No. CH33320

BY JUDGE FRANK A. HOSS, JR.

I have considered the evidence and exhibits presented at the trial of this matter on November 8, 1993, the argument of counsel, and the memoranda submitted by the parties, in consideration of all of which, I submit the following as dispositive of the issues raised. As a threshold matter, it is my opinion that Virginia law controls the resolution of this case. As a necessary consequence thereof, the anti-stacking provisions of GEICO policy 957–23–68–3 (hereinafter referred to as the Maryland policy) are, in my view, invalid, nonbinding, and unenforceable. Accordingly, the underinsured motorist benefits from said policy are applicable to the January 23, 1991, accident.

In reaching this conclusion, I have relied upon the following findings of fact: (1) the 1983 Nissan automobile listed in the Maryland policy of insurance was garaged in Maryland for approximately nine months of each year but principally used in Virginia throughout the year; (2) Mr. Billy J. Pauley, the owner of both cars in issue as well as the named insured in both policies in issue, was at all times relevant hereto a resident and domiciliary of Virginia paying Virginia taxes; (3) the 1983 Nissan automobile listed in the aforesaid policy was, at all times relevant hereto, titled, licensed, inspected, and taxed as a Virginia vehicle; (4) the decision to issue two policies in response to information provided by the named insured was a unilateral decision of GEICO and was in no way requested by the insured, together with all other facts stipulated by the parties.

In urging the Court to reach the opposition conclusion, GEICO argues that Maryland law should control the disposition of this case because: (1) the policy in issue was a Maryland policy; (2) the policy was issued and delivered in Maryland; and (3) the vehicle listed in the policy was garaged and principally used in Maryland. GEICO further argues that any workers' compensation benefits paid to the Pauleys should act to reduce the liability of GEICO as provided in the Maryland policy.

## I. Maryland Law Should Control Solely On The Basis That The Policy Issued Was Denoted A Maryland Policy

In my view, this argument fails because Virginia Code provisions 38.2–312, 38.2–313, and, to the extent applicable, 38.2–2206 specifically provide otherwise. I accept the arguments set forth in the several memoranda of the defendants in this regard. In my view, GEICO has lost sight of the simple fact that the insured in this matter was Mr. Billy J. Pauley, a Virginia resident, to whom GEICO had been issuing Virginia policies for years. The insured was not a car or several cars. To be sure the description and location of these vehicles would be meaningful to GEICO in determining the rate to be charged for its coverage. However, the insured was still Mr. Pauley who lived in Virginia, owned the cars in question, and maintained them in all respects as Virginia vehicles. As the Pauleys argue in their respective briefs, they are entitled to have the policies construed under Virginia law and to benefit from such protection as Virginia law affords its residents from insurance companies who would operate and sell insurance in this state.

## II. The Policy Should Be Construed Under Maryland Law Because They Were "Issued And Delivered" In Maryland

As to this argument, I am in complete agreement with counsel for Mrs. Pauley. It strains reason to suggest that policies issued and mailed out of the Maryland office for years to the Pauleys, and presumably thousands of other Virginia residents, and which were conceded to be "Virginia" policies suddenly became something else because the policies covered different property even though mailed to the same insured. As Mr. Robeson inquires, would this now allow GEICO to, at its pleasure and depending upon the law it wanted to apply, insist that *all* its policies in this region (Virginia, Maryland, West Virginia, etc.)

would be Maryland policies because they were issued and mailed from their Maryland office.

### III. *Since The Vehicle Was Garaged And Principally Used In Maryland, The Maryland Policy, Its Terms, And Maryland Law Should Apply*

Disposition of this argument lies primarily in the fact findings made above. While it may be well argued that the 1983 Nissan was garaged in Maryland for more than half of the year (a figure GEICO apparently uses to determine what type of policy it wants to issue), it was not "principally used" in Maryland. In fact, it was used in Virginia the great majority of the time. Section 38.2–2206 provides in pertinent part "any motor vehicle principally garaged *or* used in this Commonwealth . . . ." [Emphasis added.] It is apparent to me as the fact finder that the Pauleys were merely advising GEICO that the 1983 Nissan was going to school with their son and that it would be garaged in Maryland for nine months of the year. They did not indicate anything specific about use, nor did they, in any manner, suggest GEICO should issue a different policy from that which they had been receiving.

### IV. *GEICO'S Liability Should Be Reduced By Any Workers' Compensation Benefits Received By The Pauleys In Excess Of The Coverage Under The Maryland Policy In Accord With Its Terms*

Counsel for Mr. Pauley suggests that *William v. City of Newport News*, 240 Va. 425, 397 S.E.2d 813 (1990), disposes of this issue. However, that case seems to stand for the proposition that the Virginia Workers' Compensation law poses no bar to a person bringing an action against third parties for his injuries. GEICO relies on the policy provisions of its Maryland policy, not Virginia Workers' Compensation law, to bar recovery by the Pauleys. Thus, the case does not seem on point. In my view, the Maryland policy issued in this case should be construed as if it were a Virginia policy. To hold that the policy in question should be construed under Virginia law and be treated as a Virginia policy tends, at first blush, to create a circular argument. That is, if GEICO had never separated the policies to begin with, it is clear, and all agree, that the Pauleys would have had no opportunity to "stack" the so-called Maryland policy with the original Virginia policy. In my view, however, a reasonable inference can be made that this was

done to obtain a higher premium, which was exacted, and GEICO should not now be heard to complain, especially in equity, that this action also had certain adverse affects, to wit, permitting the Pauleys to "stack" the coverage afforded by the two policies. Conceptually, I view the matter as GEICO having issued a second Virginia policy to its insured covering a vehicle garaged in part in Maryland. This is especially true when considering the fact that GEICO made no inquiry about the meaning of the two notes sent them by the Pauleys concerning their son and school. Instead, they simply took the action that benefitted them (at least at the time) the most.

Thus, for the reasons stated, I find for the defendants in this matter.