## CIRCUIT COURT OF FAIRFAX COUNTY

Walter Palmer

    v.

Fairfax County et al.

              Case No. (Chancery) 136163

Fairfax County

    v.

Edwin Owens et al.

              Case No. (Law) 132412

              February 28, 1995

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on Cross-Motions for Declaratory Judgment. The parties presented brief evidence and their arguments, submitting that these cases presented issues of first impression in the Commonwealth. The Court took the matter under advisement.

The Court has now had the opportunity to review the authorities submitted and examine potential sources in other states. For the reasons set forth below, the Court finds that it is not proper to apply the omnibus provision of the insurance code to the holder of a certificate of self-insurance in order to impute a potential defense of "non-cooperation." Nor does the omnibus provision provide a mechanism for the self-insured entity to defend its recalcitrant former employee.

*Facts*

The two cases have been consolidated and relate to an automobile accident occurring on August 15, 1991, involving Walter Palmer and a truck driver for Fairfax County at the time of the accident, Edwin Owens. Owens terminated his employment with Fairfax County on April 8, 1992. On May 12, 1993, Palmer filed a Motion for Judgment against Owens styled *Palmer v. Owens*, At Law No. 123814, and on June 10, 1993, Owens filed Grounds of Defense *pro se* without informing Fairfax County of the existence of the lawsuit.

Fairfax County holds a certificate of self-insurance pursuant to Va. Code § 46.2-368. Palmer's uninsured motorist carrier is State Farm Mutual Automobile Insurance Company. Palmer seeks a declaration as to the rights and obligations of the parties involved. In turn, the County is seeking a declaration that they are discharged from any liability to all defendants with respect to the collision.

The County has argued that they are relieved of all responsibility in the matter due to Owens' lack of cooperation in his defense. As a self-insured entity, the County asserts they are entitled to the benefit of a non-cooperation defense analogous to that found in insurance policies, by virtue of the omnibus provision of the insurance code, Va. Code § 38.2-2204(C). The County contends that Owens' lack of cooperation relieves them of both the obligation to defend in the underlying action and of any responsibility to pay a resulting judgment. In addition, the County submits that Owens has expressed his affirmative desire to represent himself rather than accept the County's representation. Without Owens' consent, the County argues they are without authority to enter the matter on his behalf. The County cited language from the case *William v. City of Newport News*, 240 Va. 425 (1990), to the effect that because the Code was amended to require self-insurers to provide uninsured motorist protection, that their intent was to treat the two equally and therefore recovery is "not dependent on the business decision of the motor vehicle owner in selecting a type of insurance." *William* at 432.

Palmer, in response, seeks a declaration that the County is not relieved of its obligations due to its status as a self-insured entity. Palmer asserts that pursuant to *William v. Newport News*, 240 Va. 425 (1990), the Virginia courts have acknowledged the different financial implications for self-insurers. *William* at 432. State Farm concurred in the argument presented by Palmer, suggesting that without a contract specifying duties of the employee, the employee of a self-insured entity would not know his obli-

gation (if any) and thus could not be guilty of a "breach" or "non-cooperation."

*Analysis*

A review of the insurance code, § 38.2-2200 et seq., fails to locate any authority supporting the proposition that entities in Virginia that decide to self-insure are to be treated equally with policies of insurance. While Palmer and the County both argue that language found in the *William* decision would support their respective positions, that holding is not controlling in this matter. The court in *William* dealt with the application of the workers' compensation exclusivity provision where an employee was attempting to utilize his self-insured employer's uninsured motorist coverage, coverage required by the recently-amended self-insurance statute. In the case at bar, the application of the self-insurer's uninsured motorist coverage is not in issue. Rather, the parties are seeking to invoke the "terms" required of insurance policies pursuant to the omnibus provision to holders of certificates of self-insurance.

The omnibus provision of the insurance code presented in argument by counsel is prefaced, and refers throughout its provisions, to circumstances involving policies of insurance. Section 38.2-2204(C), reads in part:

> No policy or contract of bodily injury or property damage liability insurance . . . shall be issued . . . without an endorsement or provision insuring the named insured . . . against liability for death or injury sustained . . . as the result of negligence in the operation or use of the motor vehicle by the named insured . . . .
> If the failure or refusal to cooperate prejudices the insurer in the defense of an action for damages arising from the operation or use of such insured motor vehicle, then the endorsement or provision shall be void.

Again, this section is prefaced by the language "policy" and "contract" of "insurance" being "issued" to the owner. That policy or contract of insurance is to be issued or delivered by "an insurer licensed in this Commonwealth." Va. Code § 38.2-2204(C).

The Court finds that unless a self-insurer is considered to be an "insurer licensed in this Commonwealth," this provision cannot apply to holders of certificates of self-insurance. The Virginia Supreme Court in *Yellow Cab Co. v. Adinolfi*, 204 Va. 815 (1964), addressed this argument, noting that the entire thrust of the statue was directed at a "policy or contract" of

insurance and holding that the statute was held inapplicable to a self-insurer since a self-insurer had no policy or contract.

It is recognized that the Supreme Court found *"Yellow Cab* is no longer controlling" in the case of *William v. City of Newport News, supra,* however, the ruling distinguished *Yellow Cab* as the statute had been amended to require self-insured entities to provide uninsured motorist coverage. It is stressed that "Section 38.2-2206, the successor to § 38.1-381, still refers primarily to policies, contracts still refers primarily to policies, contracts and insurance companies." *William* is the exception to the reasoning in *Yellow Cab* as *William* dealt with the only provision for self-insurers to provide a specific protection "to the extent required by § 38.2-2206." Va. Code § 46.2-368(B); *William, supra,* 428. In the case at bar, the other provisions of the omnibus clause not specifically added to § 46.2-368 are at issue.

While there is a split of authority, other jurisdictions likewise have treated self-insurance and commercial liability insurance differently. *See Hillsborough Co. Hosp. & Med. Bd. v. Taylor,* 546 So. 2d 1055, 1057 (Fla. 1989), cited in *Cook v. Sheriff's Automobile Risk Program,* ("in a variety of contexts, a significant number of American jurisdictions have held that self-insurance is not the same as insurance"); *United Nat. Ins. Co. v. Phil. Gas Works,* 289 A.2d 179 (1972); *see generally* 46 A.L.R.4th 707; *but see Comorote v. Massey,* 264 A.2d 478 (1970) (self-insured employer treated equally with one possessing an automobile liability policy because state financial responsibility law treats them equally); *see generally* 46 A.L.R.4th 707, § 3[a].

Although there are instances where a defense of non-cooperation has been allowed a self-insured entity, these seem to be tied to specific legislation or other controlling written instruments. For example, in *Foster v. Salt Lake County,* 632 P.2d 810 (Utah 1981), there was the state's Indemnification of Public Officers Act. In the case at bar, no such legislation or other guiding written instrument has been presented.

This Court further shares a concern expressed by the Utah Supreme Court in its ruling in *Foster.* In *Foster* at 815, the court noted that the "terms" of the self-insurance plan were nowhere defined. Likewise, in the case at bar, there is no written instrument set forth. With the code referring only to policies of insurance, to apply contract defenses when the duties required of the employee are not otherwise defined would place the employee in an untenable position.

Using the same analysis, the Court finds that the duty or right to defend arises only by virtue of a "policy or contract." Where, as in the case at bar, a former employee of a self-insured entity chooses to defend himself, the self-insured entity has no duty or right, absent the consent of the former employee, to enter and defend. (It should be noted that while there is no parallel in actions at law for Rule 2:15, Rule 3:9A(a)(2) may afford relief in this area.)

Last, the Court is asked to determine whether Fairfax County is liable for a judgment against Owens in the case of *Palmer v. Owens*, At Law No. 123814. This issue is not properly framed in either of the Cross-Motions for Declaratory Judgment. Further, while there is persuasive authority that it is the "unmistakable intent [of § 46.2-368] . . . to make of any entity to whom a certificate is issued a self-insurer" (*Kiernan v. Agency Rent A Car, Inc.*, 940 F.2d 917, 919 (4th Cir. 1991)), any declaration as to Fairfax County's liability is premature at this stage.