# CIRCUIT COURT OF FAIRFAX COUNTY

Monenne Y. Welch,
Administrator

v.

Miller & Long Co. et al.

August 24, 1998

Case No. (Law) 167623

BY JUDGE KATHLEEN H. MACKAY

In this case, the Court must decide whether Va. Code § 38.2-2206 offers Plaintiff an opportunity to sue the Defendants and collect a judgment from the Defendants' uninsured motorist ("UM") carriers despite the provisions of the Workers' Compensation Act ("Act") set out in Va. Code § 65.2-300 *et seq.* Defendants Miller & Long ("M/L") and Nathan Gunn ("Gunn") have filed Pleas in Bar. Defendant Royal Insurance Company ("RIC") has filed a Motion for Summary Judgment and Defendant Government Employees Insurance Company ("GEICO") has filed a brief supporting the positions advanced by the Co-Defendants.

## *Decision*

After reviewing the relevant statutes, the briefs, and the case law, the Court grants the Defendants' Pleas in Bar. The Court is further treating RIC's Motion for Summary Judgment as a Plea in Bar, which is also granted. For the following reasons, the case is dismissed with prejudice.

*Facts*

This is one of those rare cases where the facts are truly not in dispute. All parties agree as to what happened. The following is taken directly from Plaintiff's pleadings:

> On October 8, 1997, the deceased Bernie P. Welch, was operating a dump truck on behalf of his employer, C. W. Strittmatter Company, on the job in question. Miller and Long owned a mobile motor vehicle truck fifty (50) ton crane, and its employee Nathan Gunn was operating the boom when the whole truck tipped over. The boom crushed the cab of Mr. Welch's truck, crushing him. Royal Insurance Company of America had a contract of liability and UM coverage on the C. W. Strittmatter truck Mr. Welch was driving during the course of his employment. Mr. Welch also had a personal automobile policy with GEICO which contained UM coverage.

Plaintiff's Memorandum in Opposition, p. 1-2.

All parties agree that Welch was operating the truck within the scope of his employment with Strittmatter Co. M/L, Strittmatter, Gunn, and Welch were all engaged in construction work for one project at one site. Turner Construction Company was the general contractor for the project, M/L and Strittmatter were subcontractors, and Gunn and Welch were employees. All parties agree M/L and Gunn fall within the jurisdiction of the Act.

*Discussion*

Va. Code § 65.2-307 states as follows:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Va. Code § 38.2-2206(F) states as follows:

Notwithstanding the provisions of subsection A, the immunity from liability for negligence of the owner or operator of a motor vehicle shall not be a bar to the insured obtaining a judgment enforceable against the insurer for the negligence of the immune owner or operator and shall not be a defense available to the insurer to the action brought by the insured, which shall proceed against the named defendant although any judgment obtained would be enforceable against the insurer and any other nonimmune defendant.

Plaintiff argues that Va. Code § 38.2-2206(F) permits her to satisfy a judgment from the UM carriers despite the admitted applicability of the Act. RIC responds that Plaintiff cannot sue M/L or Gunn and, therefore, cannot reach the UM carriers. M/L and Gunn argue that Plaintiff's exclusive remedy is through the Act. GEICO argues that Plaintiff misunderstands the meaning of "immune" as used in the statute.

A. *History of the Act*

In the course of some fifty years, the Supreme Court has analyzed the provisions of the Workers' Compensation Act many times. In a 1985 case, the Supreme Court stated that the Act provides for:

> the payment of statutory compensation to workers for injuries arising out of and in the course of their employment. The plaintiff is relieved of the need to prove negligence and proximate cause and does not have to resist such affirmative defenses as contributory negligence and assumption of risk. In exchange, the law relieves the employer of exposure to actions at law from employees sustaining such injuries. Many cases have held this to be a fair exchange of benefits sufficient to satisfy constitutional requirements.

*Whalen v. Dean Steel Co.*, 229 Va. 164, 171-172 (1985).

> The purpose of the Act is "to bring within the operation of the Act all persons engaged in work that is part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work and to make liable to every employee engaged in the work every such owner, contractor, or subcontractor above such employee."

*Smith v. Horn*, 232 Va. 302, 306 (1986).

Early on, the Supreme Court recognized that the Act created certainty both for labor and for industry and, in so doing, permitted economic expansion. See *Feitig v. Chalkley*, 185 Va. 96, 98 (1946).

B. *Exclusivity Clause*

To further the above-stated purpose and to increase the efficacy of the Act, the Supreme Court has defined the jurisdiction of the Act broadly. For instance, the Court has held that a general contractor is liable to compensate the employee of a subcontractor. See *Sykes v. Stone & Webster Eng. Corp.*, 186 Va. 116 (1947). Further, employees of independent contractors engaged in the same trade, business, or occupation of the owner of a project are "statutory fellow employees" and fall within the provisions of the Act. *Smith v. Horn*, 232 Va. 302 (1986).

On the other hand, the Court has held that the Act does not always apply. For instance, whether the parties to a suit are engaged in actions that constitute a project owner's trade, business, or occupation is a question of law and fact requiring a trial court's close scrutiny. *Nichols v. VVKR, Inc.*, 241 Va. 516, 522 (1991). Further, a stranger to a trade or business is an "other party," and an employee can proceed at common law against that stranger. The Supreme Court enunciated this principal in *Feitig v. Chalkley*, 185 Va. 96 (1946), and *Rea v. Ford*, 198 Va. 712 (1957), and applied this principal in *Kramer v. Kramer*, 199 Va. 409 (1957).

Plaintiff confronts the exclusivity clause of the Act by noting these historical exceptions. Plaintiff relies on *William v. City of Newport News*, 240 Va. 425 (1990), as standing for the general proposition that the right to recover under the uninsured motorist provisions is not affected by the Act. In *William*, the Supreme Court reaffirmed the principal that an injured party could proceed against a third party tortfeasor *and* receive compensation under the Act. In reaffirming this principal, the Court followed the reasoning in *Feitig*, 185 Va. 96. But the particular issue addressed by the Court in *William* was whether victims could proceed directly against this "other party" when their employer was self-insured. Conventional UM coverage was not available. The Court rejected the City's argument that, because it was self-insured, the victim was limited to compensation under the Act. These facts are not applicable to the present case.

It is worth noting that in making her analysis in *William*, Justice Lacy was very careful to respect the Court's historic application of the Act's "exclusivity provision." She stated that she did not regard her opinion as carving out a new

exception or altering the Court's prior interpretation of the Act. *William,* 240 Va. at 435.

In contrast, in *Aetna Casualty & Surety v. Dodson,* 235 Va. 346 (1988), the Supreme Court held, on facts virtually identical to these, that a plaintiff similarly situated to Welch could not recover.

## C. *Immunity*

Since *Dodson,* the legislature has amended the Code and enacted Va. Code § 38.2-2206(F) in its present form. This provision allows a plaintiff to proceed against a UM carrier if the actual tortfeasor is "immune." Plaintiff argues that to be "immune" under this provision is to be a party who is covered by the Act. Thus Plaintiff is free to obtain a judgment against M/L and Gunn and to collect that judgment from RIC and GEICO.

Defendants argue that Plaintiff's definition of immunity is nonsensical. Instead, Defendants maintain that the term of immunity, as used in the statute, envisioned the freedom from suit enjoyed by a sovereign entity. One cannot sue a sovereign. Unlike the case at hand, a plaintiff suing the sovereign has *no* remedy.

I believe that because of this confusion, the meaning of Va. Code § 38.2-2206(F) is ambiguous when juxtaposed against the provisions of the Act.

## D. *Statutory Construction*

The Court accepts Defendants' contention that to allow Plaintiff to proceed would potentially be contrary to the purpose of the Act.

In the face of such a conflict, the Court looks to traditional modes of statutory construction. Defendants have provided the Court with numerous cases that stand for the principle that a specific statute prevails over a general one. *See, e.g., Scott v. Lichford,* 164 Va. 419 (1935); *County of Fairfax v. Century Concrete Services,* 254 Va. 423 (1997). In addition to the general principle enumerated in these cases, Va. Code § 38.2-900 itself would seem to resolve any difference in favor of the Act when it states that:

All acts and parts of acts inconsistent with the provisions of this title are hereby repealed to the extent of the inconsistency. However, the provisions of this title shall not amend or repeal any provisions of Title 65.2 relating to workers' compensation.

## Conclusion

In this case, the Court concludes that the Workers' Compensation statutes take precedence over the provision in the insurance section of the Code that permits an injured party to collect against an uninsured motorist carrier when the tortfeasor is immune. This result is the traditional one. Since Miller & Long and Gunn cannot be sued, neither can Royal Insurance Company nor Government Employees Insurance Company.

The Court reaches this conclusion after considering the history of the Act and its purpose as expressed in the statute and interpreted by the Supreme Court. This opinion is bolstered by both a common sense understanding of immunity, given this history and purpose, as well as by traditional modes of statutory construction.

I close by noting that in *Smith v. Horn*, 232 Va. 302 (1986), the Supreme Court rejected an analysis similar to Plaintiff's by noting:

> We believe that had the General Assembly intended to exclude motor vehicle accidents from the coverage of the Workers' Compensation Act, it would have done so directly in the Act itself rather than indirectly through a provision in the insurance title of the Code.

*Smith*, 232 Va. at 309.