## WILLIAM A. DALE

### V.

## CITY OF NEWPORT NEWS

Record No. 900749

January 10, 1992

Present: All the Justices

*Stephen M. Smith* for appellant.
*Allen L. Jackson, Deputy City Attorney (Verbena M. Askew, City Attorney,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine the extent of a self-insured's uninsured motorist coverage.

In November 1986, William A. Dale was injured in a two-car accident in the City of Newport News. Dale was operating an automobile owned by the City; Brian E. Clark was operating the other car.

Dale sued Clark, claiming that Clark's negligence was the proximate cause of Dale's injuries. A jury returned a verdict in favor of Dale with damages assessed at $550,000. Judgment was entered on the verdict.

Dale was an employee of the City and, at the time of the accident, was acting within the scope of his employment. The City paid Dale workers' compensation benefits in the amount of $26,448.46.

Clark was an uninsured motorist. Dale's personal automobile liability insurance policy provided uninsured motorist coverage with limits of $50,000. The City was a self-insured entity pursuant to former Code § 46.1-395(b) (now Code § 46.2-368(B)).

Dale asserts a claim against the City for the amount that he was underinsured, after allowing the City a credit of $76,448.46

for proceeds received under his personal policy and for workers' compensation benefits received. Dale contends that the City's uninsured motorist coverage is unlimited.

The City contends that its uninsured motorist coverage does not exceed $25,000. Thus, the City asserts, after receiving credit for the $26,448.46 paid for workers' compensation, Code § 38.2-2206(I), which exceeds the $25,000 uninsured motorist coverage maximum, it owes nothing to Dale.*

■ Former Code § 46.1-395(b) provided, *inter alia*, that the Commissioner of the Department of Motor Vehicles could issue a certificate of self-insurance if the certificate "provide[d] for protection against the uninsured motorist to the extent required by [former Code] § 38.2-2206." Former Code § 46.1-395(b) further provided that such protection against the uninsured motorist was to be secondary to any other valid and collectable insurance providing the same protection.

Code § 38.2-2206(A), in effect at the time of the accident, provided, in pertinent part, that uninsured motorist coverage "limits shall equal but not exceed the limits of the liability insurance provided by the policy, unless the insured rejects the additional uninsured motorist insurance coverage." In any event, however, such coverage was required to be "within limits not less than the requirements of [former Code] § 46.1-1(8)," former Code § 38.2-2206(A), *i.e.*, a minimum coverage "in the amount of $25,000," former Code § 46.1-1(8).

■ The record in the present case establishes that the City's liability coverage is unlimited. Further, the City, when it elected to be a self-insured entity, did not limit its uninsured motorist coverage by rejecting the additional coverage. Thus, viewing the statutory scheme as a whole, we conclude that the City's uninsured motorist coverage, like its liability coverage, is without limits.

The City, nevertheless, would have us conclude otherwise because of a 1991 amendment to Code § 46.2-368(B) (formerly Code § 46.1-395(b)). The statute, as amended, now provides, in pertinent part, as follows:

---

* The City also contended in the court below that its sole obligation to Dale was pursuant to the Workers' Compensation Act, former Code §§ 65.1-1 *et seq.*, arguing that the "exclusivity provision" of former Code § 65.1-40 limited Dale's recovery to workers' compensation benefits. The City, however, has abandoned this contention, conceding, as it must, that this issue was decided adversely to it in *William* v. *City of Newport News*, 240 Va. 425, 397 S.E.2d 813 (1990).

> The Commissioner may . . . issue a certificate of self-insurance when he is reasonably satisfied . . . that the certificate provides for protection against the uninsured motorist to the extent required by § 38.2-2206. *However, protection against the uninsured motorist required under this section shall not exceed the financial requirements of § 46.2-472.*

(1991 amendment in italics). Code § 46.2-472(3), which relates to coverage of an owner's motor vehicle liability insurance policy, requires that the policy shall be subject to a "limit . . . of $25,000 because of bodily injury to or death of one person in any one accident."

The City contends that the 1991 amendment did not cause a substantive change in the existing law, but was merely an interpretation of the original statute. The City further contends that, in enacting the amendment, the General Assembly made clear that there existed a $25,000 ceiling on the obligation of a self-insured entity to provide uninsured motorist protection. The City concludes, therefore, that its uninsured motorist coverage shall not exceed $25,000.

■ As a general rule, there is a presumption that a substantive change in law was intended by an amendment to an existing statute. *Richmond* v. *Sutherland*, 114 Va. 688, 693, 77 S.E. 470, 472 (1913). The City, however, would have us apply the exception to the general rule, enunciated in *Boyd* v. *Commonwealth*, 216 Va. 16, 215 S.E.2d 915 (1975). *Boyd*, while recognizing the general rule, stated that "[w]hen amendments are enacted soon after controversies arise 'as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change.'" 216 Va. at 20-21, 215 S.E.2d at 918.

■ Expressing no opinion about the future effect of the 1991 amendment, we conclude that the General Assembly intended a substantive change in the existing law, not merely a change in form. Moreover, the amendment cannot be given retroactive application because substantive rights are affected by it. *Potomac Hospital Corp.* v. *Dillon*, 229 Va. 355, 359-60, 329 S.E.2d 41, 44-45 (1985); *Shiflet* v. *Eller*, 228 Va. 115, 121, 319 S.E.2d 750, 754 (1984).

■ Thus, we hold that the City is liable for the payment of the remaining balance of the judgment in favor of Dale. The City

shall be credited for the amount of workers' compensation benefits paid by it to Dale and for the $50,000 paid under Dale's personal automobile liability insurance policy.

Accordingly, we will reverse that portion of the trial court's judgment in favor of the City and remand the case for entry of a judgment consistent with the views expressed herein.

*Reversed and remanded.*

JUSTICE COMPTON, concurring.

As one of the dissenters in *William* v. *City of Newport News*, 240 Va. 425, 397 S.E.2d 813 (1990), I complained that the majority engaged in judicial legislation when it ruled that the City was bound to provide uninsured motorists protection in addition to workers' compensation benefits when its employee was injured in a motor vehicle collision caused by the negligence of an uninsured motorist. Having lost that battle, I am bound by the majority's holding in *William* and therefore concur in this decision, which is the logical extension of *William*.

I write only to point out that the result in this case demonstrates the mischief created by the judicial legislation in *William*. Now, we must hold that the self-insured City has "unlimited" exposure to this plaintiff. Had the General Assembly been the body to amend the legislation to reach the *William* result, it would have studied the matter thoroughly and could have acted to limit the financial exposure of cities when liable for a claim such as this, as was accomplished by the 1991 amendment to Code § 46.2-368(B). I suppose the taxpayers in Newport News can be thankful that this verdict is for only $550,000 rather than $550 million.