## CIRCUIT COURT OF ARLINGTON COUNTY

Hackett

v.

Leonzo

July 21, 1992

Case No. (Law) 910385

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on several post-trial motions.

Defendant Leonzo's motion for a new trial is denied. There is no conflict in the evidence and the Court has previously ruled that reasonable people could not differ on the question of whether or not the conduct of the Defendant was wanton and willful. Hence, the so-called "Fireman's Rule" is inapplicable, and the verdict of the jury, awarding both compensatory and punitive damages, will be affirmed.

Arlington County seeks to enforce its lien for worker's compensation payments made to Plaintiff, and Plaintiff seeks to impose liability on the County as a self-insurer for the underinsured portion of the verdict.

Plaintiff argues that the County, as Plaintiff's employer and as a self-insurer, is liable for the excess of the verdict over the amount of insurance available for payment from Defendant. The Defendant, Leonzo, has liability insurance in the amount of $100,000.00. The County argues that "underinsurance" liability has never been imposed on self-insurers and that, while Code of Virginia, § 46.2–368 requires self-insurers to insure against uninsured motorists, it does not require them to insure against underinsured motorists. The County is correct.

Section 46.2–368 requires that the entities issued certificates of self-insurance provide for "protection against the uninsured motorist to the extent required by § 38.2–2206." That statute requires the

inclusion of uninsured motorist protection in policies issued or delivered in Virginia, defines an "uninsured motor vehicle," and provides for minimum policy limits. An additional proviso states that if an insured contracts for higher than minimum limits of uninsured coverage, then the underinsured motorist provisions become applicable. Hence, there is a recognized statutory difference between an uninsured motorist and an underinsured motorist.

Thus, the legislature has treated the uninsured motorist differently from the underinsured motorist. There is no indication that the legislature intended to provide protection from the underinsured motorist when it enacted § 46–368 since that section only requires that a self-insurer provides protection from the uninsured motorist. In spite of Plaintiff's argument to the contrary, there is a statutory distinction between the two types of coverage, and the authorities relied on by Plaintiff, *Williams v. City of Newport News*, 240 Va. 425 (1990), and *Dale v. City of Newport News*, 243 Va. 48 (1992), are inapposite as the Defendant in this case was not uninsured.

The amount of the lien is not in dispute, the parties having agreed on a total amount of $38,170.89. From this amount, the Court will deduct the statutory pro rata share of attorneys' fees and costs and will award the County $23,529.78 as the amount of its lien.