# MARC S. HACKETT

### V.

# ARLINGTON COUNTY

Record No. 921964

January 7, 1994

Present: All the Justices

*Michael A. Kernbach (Bernard S. Cohen; Cohen, Dunn & Sinclair,* on brief), for appellant.

*Louise M. DiMatteo (Joseph Dyer; Ara Tramblian, Deputy County Attorney; Siciliano, Ellis, Dyer & Boccarosse,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole question presented in this appeal is whether Arlington County, a self-insured entity, is required to provide underinsurance coverage to an employee.

On April 21, 1989, Marc S. Hackett, an Arlington County police officer, observed Jose E. Leonzo commit a traffic violation. Leonzo fled when Hackett attempted to stop him. After a short, high-speed pursuit, Hackett and Leonzo came upon a residential cul-de-sac. Leonzo made a U-turn in the cul-de-sac, and, while proceeding in the opposite direction, Leonzo's vehicle collided with Hackett's police vehicle. As a result of the collision, Hackett sustained injuries and incurred lost wages.

Arlington County, Hackett's employer, indemnified Hackett for his medical expenses and lost wages under the Workers' Compensation Act, former Code § 65.1-1 *et seq.* Thereafter, Hackett sued Leonzo and recovered a judgment for compensatory damages of $60,000 and punitive damages of $70,000.

At the time of the collision, Leonzo's automobile liability insurance policy provided coverage of $100,000. Hackett was operating a motor vehicle owned by Arlington County and covered under a certificate of self-insurance issued under the authority of the Department of Motor Vehicles pursuant to Code § 46.2-368(B) (formerly Code § 46.1-395(b)). Hackett also was insured under a personal automobile liability policy providing $100,000 in coverage, including uninsured and underinsured indemnification.

Hackett sought to impose liability upon Arlington County as a self-insured excess insurer for the underinsured portion of the judgment, *i.e.,* $30,000. The trial court refused to impose liability upon the County for the deficiency, holding that the County was not required to provide underinsurance protection under Code §§ 46.2-368 and 38.2-2206. Hackett appeals from the judgment entered in favor of the County.

Hackett contends that a self-insured entity, such as Arlington County, is required to provide protection not only against an *uninsured* motorist but also against an *underinsured* motorist. Thus, he asserts, the trial court erred in denying his claim for the $30,000 deficiency.

Arlington County, on the other hand, contends that Code § 46.2-368(B), the self-insurance statute, only requires that the certificate of self-insurance provide protection against an uninsured motorist. We do not agree with the County.

Code § 46.2-368(B)(ii) provides that a certificate of self-insurance may be issued when "the certificate provides for protection against the uninsured motorist to the extent required by [Code] § 38.2-2206." While it is true that Code § 46.2-368(B)(ii) only mentions protection against an "uninsured" motorist, that section must be read in conjunction with Code § 38.2-2206, the statute dealing with uninsured motorist insurance coverage. Code § 38.2-2206, in subsection B, defines an "underinsured" motor vehicle within the definition of "uninsured motor vehicle" as follows:

A motor vehicle is "underinsured" when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of the motor vehicle and available for payment for such bodily injury or property damage . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

We think that, in requiring a self-insurer to provide uninsured motorist insurance coverage, Code § 46.2-368(B), when read with Code § 38.2-2206, also requires a self-insurer to provide underinsurance coverage. Coverage against underinsured motorists is included in uninsured motorist coverage. Indeed, in a commercial setting, neither coverage can be purchased independently of the other; rather, when an insured purchases uninsured motorist insurance coverage, he also obtains coverage against underinsured motorists. Therefore, the County is liable for the underinsured portion of the judgment, *i.e.*, $30,000.*

Accordingly, the trial court's judgment will be reversed, and the case will be remanded with direction that the trial court enter a judgment consistent with this opinion.

*Reversed and remanded.*

---

* Prior to its amendment in 1991, Code § 46.2-368(B) provided for unlimited protection against uninsured motorists. *Dale v. City of Newport News*, 243 Va. 48, 50, 412 S.E.2d 701, 702 (1992).

JUSTICE COMPTON, concurring.

This is another episode of judicial legislation, but it carries on the tradition in this area of insurance law established by *William* v. *City of Newport News,* 240 Va. 425, 397 S.E.2d 813 (1990), in which I dissented, and compounded by *Dale* v. *City of Newport News,* 243 Va. 48, 412 S.E.2d 701 (1992), in which I concurred because I felt bound by the precedent of *William.*

Code § 46.2-368(B) speaks of "protection against the uninsured motorist to the extent required" by the uninsured motorist statute, Code § 38.2-2206. Today, the majority legislates a change in the foregoing statutory language so that it now reads "protection against the uninsured motorist, including underinsurance coverage, to the extent required by" the uninsured motorist statute. I think that if language is to be added to § 46.2-368(B), it should be added by the General Assembly, not this Court.

I must concede, however, that this further legislative step is consistent with the steps taken in *William* and *Dale.* Therefore, although I continue to object, I am bound by the former cases and must concur in the present decision.