23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re Eglenna F. CASSELL, Debtor.
Eglenna F. CASSELL, Plaintiff-Appellant,
v.
Evelyn K. KRIPPENDORF, Trustee, Defendant-Appellee.
 No. 93-2246.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided May 11, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-93-184-F, BK-92-172-7-RKR)
 Dennis P. Brumberg, Lutins & Shapiro, Roanoke, VA (Margaret K. Garber, Lutins & Shapiro, Roanoke, VA, on brief), for appellant.
 Evelyn K. Krippendorf, Krippendorf & Associates, Roanoke, Va (Christopher R. Rau, Krippendorf & Associates, Roanoke, VA, on brief), for appellee.
 W.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 HAMILTON, Circuit Judges.
 
 
 1
 The Debtor/Appellant Eglenna F. Cassell ("Cassell") appeals the district court's affirmance of the bankruptcy court. We affirm.
 
 
 2
 * On November 1, 1985, Appellant Cassell's husband died as a result of injuries sustained in a car accident. In exchange for a release of her claims of wrongful death, Cassell entered into a financial settlement on September 13, 1990. The settlement agreement provided that she would receive monthly payments for life and several specified lump sum payments.
 
 
 3
 Several years later, on January 28, 1992, Cassell filed for relief under Chapter 7 of the Bankruptcy Code. Cassell claimed that the payments from the settlement agreement were exempt from creditor process pursuant to Va.Code Ann. Sec. 34-28.1 (Michie 1990 & Supp.1993), which allows exemptions for the proceeds of personal injury actions. Appellee, Evelyn K. Krippendorf ("Trustee"), objected to this claimed exemption contending that the statute did not apply to the proceeds of a wrongful death action. The bankruptcy court held that the settlement proceeds were not exempt, and the district court affirmed.
 
 II
 
 4
 Virginia law provides that "all causes of action for personal injury and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person." Va.Code Ann. Sec. 34-28.1. The question whether this section exempts the proceeds of a wrongful death action is one of Virginia law. See Va.Code Ann. Sec. 34-3.1 (Michie 1990 & Supp.1993) (opting out of the federal exemptions of 11 U.S.C. Sec. 522(d) and allowing only the exemptions provided by Virginia law). This Court's review is de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 5
 The Virginia wrongful death statute creates a cause of action on behalf of the statutory beneficiaries,[1] and gives the decedent's personal representative a right of action against the tortfeasor as a surrogate for the beneficiaries. Horn v. Abernathy, 343 S.E.2d 318, 323 (Va.1986). Pursuant to the wrongful death statute, the beneficiaries may recover damages including "[s]orrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent." Va.Code Ann. Sec. 8.01-52(1) (Michie 1992 & Supp.1993). The amount of damages is measured by the loss suffered by the statutory beneficiaries as a result of the death, not the loss suffered by the decedent. Cassady v. Martin, 266 S.E.2d 104, 108 (Va.1980).
 
 
 6
 Appellant Cassell argues that, because such damages are measured by the personal loss to the statutory beneficiary and because sorrow, mental anguish, and solace are "personal injuries," the damages are exempt under Sec. 34-28.1.[2] We disagree. The statute does not exempt all damages that can be characterized as recompense for "personal injuries"; it exempts only "causes of action for personal injury" and the proceeds therefrom. Va.Code Ann. Sec. 34-28.1.[3] Given the history and text of the statutory exemption, we conclude that the language "all causes of action for personal injury" does not include causes of action for wrongful death.
 
 
 7
 Before the enactment of Sec. 34-28.1, this court had held that recoveries from personal injury actions were not exempt from creditor process. Tignor v. Parkinson, 729 F.2d 977, 982 (4th Cir.1984). A bankruptcy court in this Circuit had held that wrongful death actions were also non-exempt. In re Tidwell, 19 B.R. 846, 847 (Bankr.E.D. Va.1982). The courts, however, had drawn a distinction between the two types of actions. The bankruptcy court in In re Tignor reasoned that because wrongful death actions were a right of action of the personal representative, the statutory beneficiary had only a contingent right to the proceeds that was in the nature of a property right. In re Tignor, 21 B.R. 219, 223 (Bankr.E.D. Va.1982), aff'd in part and vacated in part, Tignor v. Parkinson, 729 F.2d 977. The bankruptcy court therefore concluded that because the right to a wrongful death action, unlike the right to a personal injury action, was merely a property right, it was not exempt. Id.
 
 
 8
 Given the distinction drawn by the courts in this Circuit between the nature of personal injury actions and wrongful death actions, and the absence of any reference to wrongful death actions in Sec. 34-28.1, the Trustee contends, and the lower courts concluded, that the legislature intended to change only the decisional law respecting personal injury actions, and to leave undisturbed the non-exempt treatment of wrongful death actions. We agree.
 
 
 9
 The statute, enacted in part in response to our decision in Tignor, see Report of the Joint Subcommittee Studying Virginia's Exemption Statutes, H. Doc. No. 77 (Va.1990), specifically exempts only personal injury actions from creditor process. We presume that the legislature was aware of the relevant case law distinguishing between the two types of actions. See Cape Henry Towers, Inc. v. National Gypsum Co., 331 S.E.2d 476, 479 (Va.1985) ("[W]e will presume that the legislature acted with full knowledge of the law as it stood bearing on the subject with which it proposed to deal ....") (citing Powers v. County School Bd., 139 S.E. 262, 264 (Va.1927)). Moreover, similar statutes in other jurisdictions refer separately to wrongful death actions and personal injury actions.[4] We therefore conclude that, if the legislature had intended to exempt wrongful death actions, it would have done so explicitly.
 
 
 10
 Our conclusion is buttressed by a recent amendment to the statute, which added an express exemption for wrongful death actions. See 1994 Va. Acts ch. 35 (to be codified as amended at Va.Code Ann. Sec. 34-28.1). Although appellant concedes that the amendment by its terms does not apply to her case,[5] she claims that it is a result of this litigation and, as such, that it should be treated as merely a clarification of pre-existing law. See Dale v. City of Newport News, 412 S.E.2d 701, 702 (Va.1992) (stating that "[w]hen amendments are enacted soon after controversies arise as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act") (citation and internal quotation marks omitted).
 
 
 11
 The interpretative rule relied upon by Appellant Cassell, however, is merely an exception to the general one, which presumes that "a substantive change in law was intended by an amendment to an existing statute." Id. (citing Richmond v. Sutherland, 77 S.E. 470, 472 (Va.1913)). In the absence of any indication that the legislature intended this amendment to be a clarifying one, we find the general rule applicable here. The amendment exempted an additional type of action from creditor process, substantially broadening the section's coverage. We therefore conclude that this amendment was one of substance and that, prior to the amendment, the statute did not exempt the proceeds of wrongful death actions.[6]
 
 III
 
 12
 Accordingly, the decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Appellant, as the surviving spouse, is a statutory beneficiary. Va.Code Ann. Sec. 8.01-53 (Michie 1992 & Supp.1993)
 
 
 [2]
 The beneficiaries may also recover for loss of income and services from the decedent, treatment and hospital costs incurred to care for the decedent, reasonable funeral expenses, and, in certain circumstances, punitive damages. Va.Code Ann. Sec. 8.01.52(2)(5). Appellant apparently does not contend that these losses are "personal injuries."
 
 
 [3]
 Appellant's contention that the proceeds are exempt from creditor process under the Virginia statute because they are exempt from taxation under federal law as "damages received ... on account of personal injuries or sickness," see 26 U.S.C.A. Sec. 104(a)(2) (West 1988 & Supp.1992), is therefore unpersuasive
 
 
 [4]
 See, e.g., Cal.Civ.Proc.Code Sec. 704.150 (West 1987 & Supp.1994); Ga.Code Ann. Sec. 44-13-100(a)(11) (Michie 1982 & Supp.1993); Ill.Ann.Stat. ch. 735, Sec. 5/12-1001(h) (Smith-Hurd 1992); Ky.Rev.Stat. Ann. Sec. 427.150 (Michie 1992); Me.Rev.Stat. Ann. tit. 14, Sec. 4422(14) (West Supp.1993); N.Y. Debt. & Cred. Sec. 282(3) (McKinney 1990 & Supp.1994); N.D. Cent.Code Sec. 28-22-03.1(4) (Supp.1992); Ohio Rev.Code Ann. Sec. 2329.66(A)(12) (Anderson 1991 & Supp.1993); S.C.Code Ann. Sec. 15-41-30(11) (Law. Co-op. Supp.1993); Tenn.Code Ann. Sec. 26-2-111(2) (1980 & Supp.1993); Utah Code Ann. Sec. 78-23-5(1)(i) (1992 & Supp.1993); W. Va.Code Sec. 38-10-4(k) (1985 & Supp.1993); cf. Mo. Ann. Stat. Sec. 513.430(11) (Vernon Supp.1994); N.C. Gen.Stat. Sec. 1C-1601(a)(8) (1991 & Supp.1993); Or.Rev.Stat. Sec. 23.160(j) (1988 & Supp.1992); see also 11 U.S.C.A. Sec. 522(d)(11)(B), (D) (West 1993)
 
 
 [5]
 The amendment is not effective until July 1, 1994, see Va. Const. art. IV, Sec. 13, and, because it does not state otherwise, is prospective only, see, e.g., Foster v. Smithfield Packing Co., 390 S.E.2d 511, 513 (Va. Ct.App.1990) (citing Norfolk & O.V. Ry. v. Turnpike Co., 68 S.E. 346, 351 (1910); Ferguson v. Ferguson, 192 S.E. 774, 776 (1937))
 
 
 [6]
 At oral argument, Appellant Cassell requested that, if we concluded that the amendment was not clearly one of form, we certify the question to the Virginia Supreme Court. We decline to do so. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) (holding that the decision to certify "rests in the sound discretion of the federal court"). Given the recent amendment to the statute, such a certification would affect only a narrow class of cases, and possibly only this case. Moreover, as stated, we conclude that the amendment is substantive