## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Richard J. Dinapoli

v.

Nationwide Ins. Co.
and City of Virginia Beach

September 23, 1996

Case No. (Law) CL95-2364

BY JUDGE PHILIP L. RUSSO

This matter was argued before the court on July 31, 1996. There are only two issues remaining before the court at this time: first is whether the workers' compensation payments made to the plaintiff by the City of Virginia Beach are to be set off from the amount due the plaintiff from the City's uninsured motorist coverage; second is whether the plaintiff is due reasonable attorney's fees from the City.

The plaintiff, Richard Dinapoli, was injured in an automobile accident on April 18, 1994. At the time of the accident, Dinapoli was acting in the scope of his employment as a police officer employed by the City of Virginia Beach and was operating a police motorcycle owned by the City of Virginia Beach. The plaintiff was injured when an automobile driven by John C. Tibbets, an uninsured motorist, struck him.

Dinapoli filed suit against Tibbets. On June 28, 1995, this court entered a judgment against Tibbets in favor of the plaintiff in the amount of $250,000.00. Dinapoli then sued Nationwide Insurance Company to compel it to pay a portion of the judgment according to the terms of Dinapoli's personal automobile insurance policy with that company. Under the policy's uninsured motorist provision, Dinapoli was entitled to $100,000.00.

Nationwide joined the City of Virginia Beach to the suit, alleging that the City should be compelled to pay a portion of the judgment under its uninsured motorist coverage. Dinapoli subsequently filed an amended motion for judgment, including the City of Virginia Beach as a defendant. The case between Dinapoli and Nationwide was settled and nonsuited.

The City has paid workers' compensation benefits to Dinapoli in the amount of $29,735.00. The City is a self-insured employer, and both parties in the remaining action agree that the City of Virginia Beach is liable for $25,000.00 under its uninsured motorist coverage. The only issue remaining is whether the set off which the city is entitled under § 38.2-2206(I) of the Code of Virginia can be deducted from the $25,000.00 in uninsured motorist coverage that Dinapoli is due.

The City argues that the amount paid in workers' compensation to Dinapoli should be set off from the $25,000.00 the City is required to pay Dinapoli in uninsured motorist coverage. The statute at issue, § 38.2-2206(I) of the Code of Virginia, provides:

> I. Except as provided in § 65.2-309.1, the provisions of subsections A and B of § 38.2-2204 and the provisions of subsection A of this section shall not apply to any policy of insurance to the extent that it covers the liability of an employer under any workers' compensation law, or to the extent that it covers liability to which the Federal Tort Claims Act applies. No provision or application of this section shall limit the liability of an insurer of motor vehicles to an employee or other insured under this section who is injured by an uninsured motor vehicle; *provided that in the event an employee of a self-insured employer receives a workers' compensation award for injuries resulting from an accident with an uninsured motor vehicle, such award shall be set off against any judgment for damages awarded pursuant to this section for personal injuries resulting from such accident.*

§ 38.2-2206(I) Code of Virginia (1950) (emphasis added).

The City argues that the statute and its subsequent interpretation by the Virginia Supreme Court allows the City to set off the workers' compensation payment from the amount it is required to pay in uninsured motorist coverage.

Dinapoli argues, in his brief, that while the City is allowed to set off any workers' compensation payments from the judgment, the setoff is from the entire judgment received by Dinapoli in the underlying personal injury claim and not from the amount the City is required to pay in uninsured motorist coverage. Dinapoli argues that although the Virginia Supreme Court has held that the setoff is from the amount a city is required to pay through its uninsured motorist coverage, *Williams v. City of Newport News*, 240 Va. 425, 434 (1990), since the case was decided prior to the

General Assembly placing a cap on a self-insured entity's uninsured motorist liability, the Supreme Court meant to place the setoff on the entire judgment. The court is not persuaded by this line of argument.

Although this appears to be a case of first impression in the Commonwealth, there is a line of cases that gives the Court guidance in deciding this issue. The central issue surrounds the proper interpretation of § 38.2-2206(I). The Supreme Court offered an interpretation when it stated, "[t]his provision allows the employer who self-insures his motor vehicles to set off an employee's workers' compensation payments against payments due for uninsured motorist protection." *Id.*

Both the City and Dinapoli cite *Dale v. the City of Newport News*, 243 Va. 48 (1992), to support their arguments. Although the Supreme Court in *Dale* did touch on the issue of setoff from judgment, the opinion was not dispositive on the issue. The court finds that the subsequent appeal of the claim in *Dale* from the Workers' Compensation Commission to the Virginia Court of Appeals to be more informative in this case. The issue before the Workers' Compensation Commission was whether Newport News was limited to setting off any workers' compensation payments made before Dale's Motion for Judgment was filed, or if a setoff of all future payments was permitted. The Workers' Compensation Commission held that a self-insured employer was entitled to set off all past and future payments. *Dale v. Newport News City Public Utilities*, 93/3 WC 1277857 (1993).

On appeal to the Virginia Court of Appeals, the court's analysis of the statute provides some guidance in this case. The court held that § 38.2-2206(I) allowed for the setoff of future as well as past payments. The court then held, "this provides claimant with one complete recovery without imposing upon the self-insured employer a double liability. Such application is consistent with the overall purpose of the Act and with the majority of other jurisdictions that have considered similar issues." *Dale v. City of Newport News*, 18 Va. App. 800, 804 (1994); see also Arthur Lawson, *Law of Workman's Compensation*, § 74.31(e) (1993).

To allow the setoff to come from a portion of the judgment for which the City is not liable would be to subject a self-insured employer to a "double liability." The City is already liable for all workers' compensation payments made. To set off the payments already made to Dinapoli from a portion of the judgment which the city is not liable would be in derogation of the intent of § 46.2-472 of the Code of Virginia which limits a self-insured employer's liability to $25,000.00 in uninsured motorist cases.

Such an action would cause the City to be liable for over double the statutory cap.

Dinapoli further argues that to follow the *Williams* analysis would have the consequence of eliminating payments by self-insured employers to their employees under their uninsured motorist coverage since any payment of workers' compensation benefits in excess of $25,000.00 would relieve the self-insured employer from any liability for uninsured motorist coverage. This may be the case in certain instances. However, it is not for the court to legislate new law. That is the duty of the General Assembly. *Intermodel Services, Inc. v. Smith*, 234 Va. 596 (1988). Until the General Assembly decides to amend the statute, this court will follow the guidance of *Williams* and *Dale* when interpreting the meaning of § 38.2-2206(I).

In light of the holding above, it is not necessary to decide the issue of attorney's fees raised by the Plaintiff.

For the above-stated reasons, this court holds that the amount paid to Mr. Dinapoli by the City of Virginia Beach for workers' compensation benefits will be set off from the City's $25,000.00 liability under its uninsured motorist coverage.