# CIRCUIT COURT OF THE CITY OF RICHMOND

Tameisha Carrington

v.

Ninia Leslie McCarthy

Case No. LC-1672

Roselyn Walker

v.

Ninia Leslie McCarthy

Case No. LC-1904

Danita Parrish

v.

Nina L. McCarthy

Case No. LC-2580

Mary J. Archer

v.

Nina Leslie McCarthy et al.[1]

Case No. LE-2371

---

[1] In spite of the variations of Ms. McCarthy's name in the different files, she is the same person in each case.

BY JUDGE RANDALL G. JOHNSON

January 20, 1999

I have now read *Dale v. City of Newport News,* 243 Va. 48, 412 S.E.2d 701 (1992), and I agree with Mr. Herzog and others that the case holds that former Va. Code § 46.1-395(b), which is now Va. Code § 46.2-368(B), required self-insurers to have unlimited uninsured and underinsured motorist coverage. Indeed, concurring Justice Compton observed that "the taxpayers in Newport News can be thankful that this verdict [against Newport News] is for only $550,000 rather than $550 million." 243 Va. at 52.

As the court in *Dale* noted, however, the statute was amended in 1991. Because the accident in *Dale* occurred in 1986, the amendment had no effect on the Court's ruling. The accident now at issue, however, occurred in 1997, and § 46.2-368(B) now provides that "protection against the uninsured or underinsured motorist required under this section *shall not exceed the financial requirements of § 46.2-472 ....*" Emphasis added. Section 46.2-472 requires coverage of $25,000/$50,000. Thus, regardless of whether GRTC has somehow manifested an intent to limit its uninsured and underinsured coverage to those amounts, the statute itself no longer allows coverage above those amounts. Since the alleged tortfeasor in this case already has $25,000/$50,000 coverage, GRTC does not provide uninsured or underinsured coverage.

February 17, 1999

In a letter opinion dated January 20, 1999, the court held that Va. Code § 46.2-368(B) sets the underinsured motorist coverage of Greater Richmond Transit Company (GRTC), a self-insured motor carrier, at $25,000 per person and that, since the alleged tortfeasor already has liability insurance coverage of $25,000 per person and $50,000 per accident, GRTC does not provide uninsured or underinsured motorist coverage in any of the above-referenced cases. While the court adheres to its holding regarding GRTC's maximum per person exposure, the court agrees with Mr. Herzog, counsel for two of the plaintiffs, that the holding that GRTC provides no underinsured coverage at all is erroneous.

Virginia Code § 38.2-2206(B) provides, in pertinent part:

> A motor vehicle is *"underinsured"* when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of the motor vehicle *and available for payment* for such bodily injury or property damage ... is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.
>
> *"Available for payment"* means the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury or property damage *reduced by the payment of any other claims arising out of the same occurrence.*

Emphasis not in quotation marks added. *See also Catron v. State Farm Mut. Auto. Ins. Co.*, 255 Va. 31, 496 S.E.2d 436 (1998).

As already noted, Nina (or Ninia) McCarthy, the alleged tortfeasor in these cases, is covered by a $25,000/$50,000 liability policy. If $25,000 is available to each plaintiff under that policy, GRTC's coverage does not apply since McCarthy's coverage for each plaintiff, $25,000, is not "less than the total amount of uninsured motorist coverage [$25,000] afforded" each such plaintiff by GRTC. However, if $25,000 is *not* available to a plaintiff under McCarthy's policy because of payments made to other plaintiffs under that policy, GRTC's underinsured coverage is implicated. Specifically, GRTC must pay to each such plaintiff $25,000 or the amount of such plaintiff's recovery, whichever is less, minus any payment received from McCarthy's policy, since it is by that amount that McCarthy's coverage is less than GRTC's coverage. Such payments, of course, are limited to the $50,000 per accident limit of Va. Code § 46.2-472. *See* Va. Code § 46.2-368(B) ("[P]rotection against the uninsured or underinsured motorist required [of self-insurers] shall not exceed the financial requirements of § 46.2-472."). Thus, once GRTC has paid a total of $50,000 to claimants in this accident, no further underinsured liability on the part of GRTC exists.

The Court is aware of GRTC's argument that it has no underinsured coverage because of the "credit" provisions of Va. Code § 38.2-2206(B). The credits mentioned in the statute, however, apply only when "an injured person is entitled to underinsured motorist coverage under more than one policy," and are there solely to prescribe the order in which multiple underinsured carriers must pay. That is not the situation here. In this case, GRTC is the only

underinsured motorist carrier, and its coverage, under § 38.2-2206 and *Catron v. State Farm*, is as set out above.

## Order

For the reasons stated in the letter opinion dated this date, it is ordered that the order entered in this action on January 20, 1999, is vacated, and that Greater Richmond Transit Company, a self-insurer under Va. Code § 46.2-368, has underinsured motorist coverage in this case of $25,000 or the amount of plaintiff's recovery, whichever is less, minus any payment received toward such recovery under defendant Nina L. McCarthy's liability insurance policy; provided that GRTC's total underinsured motorist coverage applicable to personal injuries arising out of the accident which is the subject of this suit shall not exceed $50,000.

The parties' objections to the portions of this order adverse to them are noted.

A copy of this order was mailed this day to counsel of record.