## CIRCUIT COURT OF ARLINGTON COUNTY

William O'Neil

v.

United States
Automobile Association

January 8, 2002

Case No. (Chancery) 00-767

By Judge Joanne F. Alper

This case presents the question of whether an insurance carrier, consistent with Virginia law, must provide coverage, in a multi-vehicle accident involving joint-tortfeasors, for both uninsured motorist ("UM") protection and underinsured motorist ("UIM") protection, or whether the insurance carrier may, irrespective of this issue, contractually cap its liability at the agreed upon policy limit. Plaintiff asserts that because the accident involved both a UM and a UIM, the carrier must compensate for both separately up to the policy limit. Conversely, the Defendant argues that Virginia law requires only that it offer joint UM/UIM coverage and that the insured need not be covered for both in the context of a single, multi-vehicle accident. Furthermore, Defendant asserts that, even if it is required to offer UM and UIM coverage, it may nonetheless limit cumulative recovery to the policy limit. This is an issue of first impression in Virginia, and, for the following reasons, the Court holds that Virginia law mandates coverage for both UM and UIM separately and therefore awards summary judgment to the Plaintiff.

*Facts*

*The Accident*

On July 13, 1998, the Plaintiff, William O'Neil was driving his automobile southbound on the inside (left) lane of Washington Boulevard, a four-lane highway divided by a grass median strip. William Watkins and John Doe were driving their respective vehicles northbound on Washington Boulevard, with Watkins, admittedly driving at a speed in excess of the posted speed limit, in the left lane and Doe in the right. *See* Brief for Plaintiff at 1. Doe pulled alongside Watkins and then attempted to pass Watkins by abruptly switching from the right to left lane. Watkins turned his steering wheel in order to avoid the collision, lost control of his vehicle, crossed the median strip, and struck O'Neil's vehicle head-on. *Id.* at 2.

O'Neil sustained multiple serious injuries in the accident, eventually enduring eight subsequent hospitalizations and approximately twenty-five surgeries within the eighteen months following this accident. His medical expenses exceed $900,000. *Id.*

*The Insurance Policy*

Mr. O'Neil is the named insured on an automobile insurance policy issued by United States Automobile Association ("USAA"). Under the policy, Watkins was a UIM driver and Doe was a UM driver with respect to O'Neil. O'Neil's liability coverage, in relation to the vehicle driven in the accident, was $300,000, which was therefore the policy limit for UM/UIM coverage pursuant to Virginia Code § 38.2-2206. Consequently, because Watkins had a liability coverage of $100,000, he was underinsured as to O'Neil in the amount of $200,000. Likewise, Doe was uninsured in the amount of $300,000. *Id.* at 4. However, the insurance policy does contain a "limitation of liability" provision which states in part:

> For BI [bodily injury] sustained by any one covered person in any one accident, our maximum limit of liability for all resulting damages recoverable by any covered persons is the limit of liability shown in the Declarations for "each person" for BI liability for UM/UIM Coverage. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for UM/UIM resulting from any one accident. ... These limits are the most we will pay regardless of the number of covered persons, claims made, or vehicles involved in the accident.

USAA Virginia Auto Policy at 10.

## The Uninsured Motorist Statute, Va. Code § 38.2-2206

Last, both parties agree, as does the Court, that whatever the policy may or may not cover, it must still comport with the Virginia Code provision governing the mandatory inclusion of UM and UIM coverage. This statute states in part:

> [N]o policy ... of bodily injury ... liability insurance ... shall be issued or delivered in the Commonwealth ... unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within the policy limits not less than the requirements of § 46.2-472. Those limits shall equal but not exceed the limits of liability insurance provided by the policy. ... The endorsement or provisions shall also obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured. ...

Virginia Code § 38.2-2206(A).

### Procedural History

O'Neil filed an action at law in the Circuit Court of Arlington County against both Watkins and Doe. USAA, O'Neil's UM and UIM motorist insurance carrier, was served and entered an appearance on behalf of John Doe. *Id.* at 3. Watkins, through his insurer, Liberty Mutual Insurance Company, has paid his full liability limits of $100,000. USAA agreed to pay $200,000 in UIM benefits, waived its rights as to Watkins, and consented to O'Neil's settlement with Watkins. O'Neil preserved his right to obtain a declaration of rights under his policy against USAA and accepted the $200,000 from USAA, not in settlement of all claims against USAA, but depending upon the outcome of this proceeding, either (1) as full payment of the money USAA owed O'Neil or (2) as an advance payment of a portion of the total sum USAA owed O'Neil. Consequently, the action against Watkins was dismissed with prejudice and the action against Doe proceeded with the balance of the coverage questions, as to Doe, submitted to this Court by way of a Bill for Declaratory Judgment. *Id.*

After O'Neil filed this Declaratory Judgment action, he and USAA reached a settlement of O'Neil's remaining claims under the UIM provisions of the policy for a sum of $250,000. Moreover, as part of the settlement, USAA agreed not to contest O'Neil's right to stack his UM coverage if any is found in this case. Therefore, the sole issue remaining for adjudication is whether O'Neil, having already collected UIM benefits, is nonetheless entitled to recover under the UM coverage as well.

*Standard of Review*

O'Neil filed a Motion for Summary Judgment. Subsequently, USAA filed a Cross-Motion for Summary Judgment. Summary judgment is governed by Rule 3:18 of the Rules of the Supreme Court of Virginia, which states that summary judgment is appropriate where there are no issues of material fact in dispute and the only issues to be resolved are pure questions of law. *GEICO v. Gallop*, 224 Va. 720, 725 (1983). Additionally, "[t]he filing of cross-motions for summary judgment does not, in itself, resolve the question whether material facts remain genuinely in dispute." *Town of Ashland v. Ashland Investment Co.*, 235 Va. 150, 154 (1988) (citing *Central Nat. Ins. v. Virginia Farm Bureau Ins.*, 222 Va. 353, 356 (1981)) (stating that "[a] court's duty to ascertain whether certain facts remain in dispute or whether there are sufficient facts to decide the question presented is not obviated by cross-motions for summary judgment").

In light of this well-recognized threshold standard, the Court finds that the issues presented here are ripe for determination by summary judgment. The underlying facts (the automobile accident and resulting damage) are not in dispute. Further, the previous litigation in this case has resolved all other outstanding factual issues through both settlement and stipulations. Thus, there remain two outstanding issues: (1) whether Va. Code § 38.2-2206 requires both UM and UIM coverage separately; and (2) if so, can the insurance carrier limit *total* recovery to the policy limit nonetheless. First, whether the insurance policy comports with § 38.2-2206 is a matter of statutory construction and thus involves a pure question of law. Second, the interpretation of the policy requires no additional evidence and is also a pure question of law. Therefore, as neither issue presents a question of material fact, summary judgment is appropriate in this case.

*Discussion*

Under Virginia Code § 38.2-2206, O'Neil is entitled to recover for both UM and UIM drivers up to the policy limit for each. Virginia courts have

consistently affirmed the principle that all words and provisions of statutes are intended to have meaning and are to be given effect. *See Haislip v. Southern Heritage Ins. Co.*, 254 Va. 265, 268 (1997). In abiding by this well-settled canon of statutory construction, the Virginia Supreme Court has recognized that "while in the construction of statutes, the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve manifest absurdity." *Accord Abbott v. Willey*, 253 Va. 88, 91 (1997); *see also Weinberg v. Given*, 252 Va. 221 (1996); *Dominion Trust Co. v. Kenbridge Constr. Co.*, 248 Va. 393 (1994).

Pursuant to these canons of construction, the Court finds that Virginia Code § 38.2-2206, by its literal and logical construction, provides for both UM and UIM driver coverage. Section A of the statute states that no insurance policy shall be issued in the Commonwealth unless the policy contains provisions:

> to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle ... [and] ... *shall also* obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle.

Va. Code § 38.2-2206(A) (emphasis added).

These words, taken literally, mandate independent statutory protection for UM and UIM drivers. Furthermore, this literal construction does not involve a manifest absurdity. Rather, the legislature's intent was to insure against two distinct types of risks, underinsured drivers and uninsured drivers. Despite the clear language of the statute and the policy considerations, USAA disagrees with this interpretation.

USAA asserts that instead of giving the statute its literal construction, the Court should construe UIM protection as a subset of UM drivers. In other words, USAA argues that the inclusion of UIM language was intended to cure a specific defect in the original statute, which provided for UM protection only. The Court disagrees with this proposition for several reasons.

First, the legislature, not only amended the statute to add the UIM language, but also added a separate definition as well. Had the legislature intended to simply cure a defect in UM coverage, it could have simply amended the statutory definition of "uninsured motorist" to include "underinsured motorists" as well. To accept USAA's construction of this statute would not only strain the plain meaning, but also render much of the statutory language and definitional sections superfluous.

Second, USAA's construction fails to account for the other clear distinctions the legislature has drawn between UM and UIM drivers. Owners of automobiles who are uninsured must pay into the Uninsured Motorist Fund the sum of $500. The fund is divided among the insurers writing uninsured motorist coverage in Virginia to help reduce the burden of insuring against such risks. Va. Code §§ 38.2-3000, 38.2-3001. There is no such corollary fund for underinsured vehicles. Moreover, an underinsured motorist is an "insured" motorist unless and until he becomes involved in an accident in which he is both at fault and insured for less than the total amount of the damage he caused. Conversely, under no circumstances is an uninsured motorist ever considered "insured." These distinctions in conjunction with the plain language of the statute warrant this Court's conclusion that USAA, by law, was required to provide both UM and UIM coverage to O'Neil.

Because USAA must provide both UM and UIM coverage, this Court need not determine whether the policy's limitation of liability provision, limiting recovery to the policy limit of $300,000 regardless of the situation, was intended to force O'Neil to choose between UM and UIM coverage. Accepting USAA's interpretation *arguendo*, this Court must still find that the policy afforded UM and UIM protection.

A relevant statute is as much a part of a policy as if it were incorporated in it. *Marriott v. Harris*, 235 Va. 199, 215 (1988); *State Farm Mutual v. Duncan*, 203 Va. 440, 443 (1962). Consequently, where there is a conflict between the policy and the statute, the policy must be read as containing the language of the statute rather than the language actually contained in the policy. *USAA Ins. Co. v. Yaconiello*, 226 Va. 423, 426 (1983). Therefore, even if the limitation of liability provision means what USAA asserts that it does, it must be effectively read out of the policy in favor of the mandatory statutory obligations. Consequently, reading Virginia Code § 18.2-2206 into this policy, the Court holds that USAA is required to provide UM and UIM coverage up to the policy limit of $300,000.

## Conclusion

For the foregoing reasons, the Court holds that Virginia Code § 38.2-2206 mandates separate coverage for both underinsured motorists and uninsured motorists. Therefore, the Court grants O'Neil's Motion for Summary Judgment and denies USAA's Cross-Motion for Summary Judgment.