## CIRCUIT COURT OF STAFFORD COUNTY

Virginia Farm Bureau
Mutual Ins. Co.

 v.

Carlton Dwayne Beach, Sr., etc.,
Drindzel A. Hall,
State Farm Mutual
Automobile Ins. Co.,
and Eric Insurance Exchange

Case No. (Chancery) 03-182

Eric Insurance Exchange

 v.

Carlton Dwayne Beach, Sr., etc.,
Drindzel A. Hall,
State Farm Mutual
Automobile Ins. Co.,
and Virginia Farm Bureau
Mutual Ins. Co.

Case No. (Chancery) 03-197

BY JUDGE JAMES W. HALEY, JR.

538

In this declaratory judgment action, the court has reviewed the pleadings and the excellent memoranda (with attachments), and appreciates the oral argument of counsel.

The procedural posture of this case dispenses with the necessity of a lengthy recitation of undisputed facts. Succinctly stated, the underlying case is an automobile death action against a known defendant and John Doe. The Plaintiff's decedent was covered by two automobile insurance policies with liability limits of $100,000/$300,000. The known Defendant has the same coverage, and John Doe, obviously, is an uninsured. The issue for resolution is one of law, more precisely one of statutory interpretation.

That issue is whether the provisions of Virginia Code § 38.2-2206(A) should be interpreted to mean that (1) the limit of exposure of an insurance company for uninsured *and/or* underinsured coverage is a total equal to or less than the limit of liability coverage; or (2) the limit is rather twice that coverage, that is, the uninsured and underinsured should be construed as separate coverages.

In *Mozley v. Prestwould Board of Directors*, 264 Va. 549, 554, 570 S.E.2d 817 (2002), the court stated:

> Under basic rules of statutory construction, we consider the language of these statutes to determine the General Assembly's intent from the words contained therein, unless a literal construction would yield an absurd result. *Vaughn, Inc. v. Beck*, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001); *Cummings v. Fulghum*, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). When a statute's language is plain and unambiguous, we are bound by the plain meaning of that language. *Industrial Dev. Auth. v. Board of Supervisors*, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002); *Cummings*, 261 Va. at 77, 540 S.E.2d at 496; *Earley v. Landsidle*, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999). Therefore, when the General Assembly has used words of a plain and definite import, courts cannot assign to them a construction that would be tantamount to holding that the General Assembly intended something other than that which is actually expressed. *Vaughn*, 262 Va. at 677, 554 S.E.2d at 90; see *Advanced Marine Enters., Inc. v. PRC, Inc.*, 256 Va. 106, 125, 501 S.E.2d 148, 159 (1998).

See also, *Doss v. Jamco, Inc.*, 254 Va. 362, 492 S.E.2d 441 (1997).

Virginia Code § 38.2-2206(A) requires insurance companies to provide:

> "an endorsement or coverage . . ." for uninsured vehicles which "shall equal but not exceed the limits of the liability coverage provided by the policy . . . ." In addition, "The endorsement . . . shall also obligate the insurer . . ." for coverage of underinsured vehicles. An underinsured vehicle is one for which coverage "is less than the total amount of uninsured . . . coverage afforded any person injured as a result of the operation or use of the vehicle."

This court finds the language of Va. Code § 38.2-2206(A) is plain and unambiguous.

In commenting upon the provisions of Code § 38.2-2206, though in the context of a self-insurer, the court in *Hackett v. Arlington County*, 247 Va. 41, 43, 439 S.E.2d 348, 350 (1994), stated that "Coverage against underinsured motorists is included in uninsured motorist coverage." In *Superior Ins. Co. v. Hunter*, 258 Va. 338, 345, 520 S.E.2d 646, 650 (1999), the court noted that: "One obvious purpose of the underinsured motorist provision was to allow insureds to receive the *same* level of protection whether an insured or uninsured driver injures them" (emphasis supplied).

The court has further considered *MacDougall v. Hartford Ins. Group*, 61 Va. Cir. 181, 2003 Va. Cir. LEXIS 25 (Fairfax County 2003) (*per* Arthur B. Vieregg, J.), and *O'Neil v. United States Automobile Association*, 57 Va. Cir. 257 (Arlington County 2002) (*per* Joanne F. Alper, J.), each of which resolved the instant issue in an opposite manner. This court finds Judge Vieregg's decision persuasive and dispositive.

In *State Farm Ins. Co. v. Arghyris*, 189 Va. 913, 928, 55 S.E.2d 16, 23 (1949), the court noted that:

> We may say that the rule requiring a liberal construction of insurance contracts does not confer a right or impose a duty on the courts to add new conditions, provisions, or exceptions to such contracts which increase or decrease the obligations of the parties thereto.

In accordance with the foregoing, this court determines that the provisions of Virginia Code § 38.2-2206(A) should be interpreted to mean that the limit of exposure of an insurance company for uninsured and/or underinsured coverage is a total equal to or less than the limit of liability coverage.

January 5, 2004

This is in response to Ms. Parrish's letter of December 16, 2003, in which she properly states the second issue raised in the referenced declaratory action is:

> Whether the underinsured motorist coverage credit that the first Virginia Farm Bureau policy receives due to the liability payment serves to "use" or "exhaust" the UM/UIM coverage under that policy, so that there is no UM coverage available or payable under that first policy.

It is the view of the court that the question is to be answered in the affirmative, that is, the coverage is exhausted.