# CIRCUIT COURT OF SCOTT COUNTY

Blanche Gue Bowen,
Administratrix of
the Estate of
Thomas Lee Gue,
deceased

v.

Scott County Lifesaving
and First Aid Crew, Inc.,
Deborah Berry,
Lonnie Phillips,
and Stella Phillips

April 1, 1997

Case No. CL96-119

BY JUDGE FORD C. QUILLEN

This matter is before the Court on the motion of sovereign immunity filed by the defendants based on the pleadings and the stipulation order entered on February 24, 1997, and on oral arguments and memoranda filed by the parties.

This cause of action deals with the alleged acts of the defendants Scott County Lifesaving & First Aid Crew, Inc. (a non-profit corporation) and crew members Deborah Berry, Lonnie Phillips, and Stella Phillips, in the alleged wrongful death of plaintiff's decedent.

The plaintiff alleges that the defendants were guilty of willful and wanton conduct, gross and simple negligence by knowingly transporting the decedent in a prone position in an ambulance instead of having him elevated, which was necessary because of his medical condition, and failing to monitor the decedent's condition while in transit and failing to transfer the decedent to a better-equipped ambulance, which acts allegedly resulted in the decedent's death. The defendants allege that these actions as pleaded are barred by reason of Virginia Code § 8.01-225.

The Court holds that the defendants are barred from an action based on simple or gross negligence or willful and wanton conduct.

Virginia law provides absolute immunity to certified emergency medical technicians from civil damages arising out of emergency care or assistance they have administered. The only limitation of this immunity appears to be the requirement that the emergency care and assistance must be provided in good faith. Virginia Code § 8.01-225 provides that:

> Any emergency medical care attendant or technician possessing a valid certificate issued by authority of the State Board of Health who *in good faith* renders emergency care or assistance whether in person or by telephone or other means of communications, without compensation, to any injured or ill person, whether at the scene of an accident, fire or any other place, or while transporting such injured or ill person to, from or between any hospital, medical facility ... *shall not be liable for any civil damages for acts or omissions* ... including but in no way limited to, acts or omissions which involve violations of State Department of Health regulations or any other state regulations in the rendering of such emergency care or assistance.

Virginia Code § 8.01-225 (emphasis added).

"It is well settled that when a statute is clear and unambiguous, its plain meaning must be accepted without resort to extrinsic evidence or the rules of construction." *Gonzalez v. Fairfax Hospital System*, 239 Va. 307, 310 (1990). On its face, the statute shields the technician from *any* civil damages without restriction as to the seriousness of the wrongful act. Therefore, the immunity would apply in situations of gross or simple negligence and willful and wanton conduct.

The Scott County Lifesaving and First Aid Crew would also be immune under § 8.01-225. The memorandum from defendant describes Scott County Lifesaving as "a non-profit, volunteer corporation providing rescue and emergency services for Scott County, Virginia, without charge for any service to any person or third party." Section 8.01-225 provides in the first paragraph:

> Any *person* who, in good faith, renders emergency care or assistance, without compensation, to any ill or injured person at the scene of an accident, fire, or any life-threatening emergency, or en route therefrom to any hospital, medical clinic, or doctor's office shall not be liable for any civil damages for acts or omissions resulting from the rendering of such care or assistance.

A "person" is defined in Title 8.01 to include "individuals, a trust, an estate, a partnership, an association, an order, a corporation, or any other legal or commercial entity." Virginia Code § 8.01-2.

Va. Code Ann. 8.01-225 provides limited statutory immunity to persons rendering emergency care and provides, in part, that "any person who, in good faith, renders emergency care or assistance, without compensation, to any ill or injured person at the scene of an accident ... shall not be liable for any civil damages for acts or omissions resulting from the rendering of such care or assistance." A "person" is defined to include "a corporation." Section 8.01-2.

The Scott County Lifesaving and First Aid Crew, a non-profit corporation, would be a "person" in the context of the above-quoted paragraph of § 8.01-225, and therefore, would also be immune from liability as long as it acted in good faith.

In summary, under Virginia Code § 8.01-225, both the individual emergency medical technicians and the Lifesaving Crew would be immune from liability for any civil damages, including damages flowing out of actions that would comprise gross negligence or willful and wanton conduct, as long as they acted in good faith in delivering the emergency medical care.