# CIRCUIT COURT OF THE CITY OF RICHMOND

Kelan D. Uzzle, etc.

v.

Allstate Ins. Co. et al.

December 18, 1997

Case No. HI-102-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a suit for declaratory judgment brought by the plaintiff in an underlying personal injury case. The question presented is whether a self-insurer or a commercial insurer is entitled to a credit for underinsured motorist liability coverage under Va. Code § 38.2-2206.

Plaintiff, Kelan D. Uzzle, is an infant who brought a separate suit by his stepfather and next friend, James R. McDearmon, Jr., for personal injuries arising out of a motor vehicle collision. The defendant in that case is insured by Anthem Casualty Insurance Company (Anthem). Anthem has agreed to tender its $25,000 liability coverage limits. Allstate Insurance Company (Allstate) has $100,000 underinsured motorist coverage (UIM) applicable to the case. Henrico County, through its self-insurance program, provides $50,000 in underinsured motorist coverage to plaintiff or his claim arising from the accident. Allstate and Henrico disagree as to which of them should receive the benefit of the credit for the $25,000 liability coverage provided by Anthem. The parties agree that the plaintiff's damages exceed the $125,000 available underinsured motorist coverage. The court finds that Henrico County is entitled to the credit and Allstate is not.

Under Va. Code § 46.2-368, the priority scheme of § 38.2-2206 applies to self-insurers. That statute in pertinent part, provides:

> (ii) that the certificate [of self-insurance] provides for protection against the uninsured or underinsured motorist to the extent re-

quired by § 38.2-2206. However, protection provided against the uninsured or underinsured motorist required under this section shall not exceed the financial requirements of § 46.2-472 and shall be secondary coverage to any other valid and collectible insurance provided the same protection which is available to any person otherwise entitled to assert a claim to such protection by virtue of this section.

Va. Code § 46.2-368(B)(ii). Allstate contends that, since self-insurers are only authorized to provide coverage by a self-insurance certificate and do not issue a policy or contract of insurance, the priority rules do not apply. While agreeing that Henrico is secondary to any UIM contribution it makes, Allstate contends that Henrico does not get the credit but rather Allstate does. To hold otherwise, Allstate contends, would create an anomaly, since by the terms of § 46.2-368(B), a self-insurer is secondary and yet entitled to have a right to priority of credit under § 38.2-2206.

By the very terms of § 46.2-368 the priority scheme for credit of liability coverage due to an uninsured motorist provided in § 38.2-2206 applies. In the court's judgment, this defeats Allstate's assertion that the General Assembly never intended a self-insurer to have the benefit of the priority credit scheme set out in the statute. The express terms set down by the legislature override the use of the words "policy" or "policies" in § 38.2-2206(A) and (J).

The court finds the facts and reasoning in *Hollar v. Schroeder*, 33 Va. Cir. 391 (Fairfax Cir. Ct. 1994), on which Henrico relies, is closer to this case than *Fairfax v. Owens*, 36 Va. Cir. 101 (Fairfax Cir. Ct. 1995), a case cited by Allstate.

Accordingly, the coverages in the case should go as follows:

1. $25,000 from Anthem;

2. $100,000 from Allstate under its UIM coverage;

3. $25,000 from Henrico under its self-insured UIM coverage which allows the $25,000 liability coverage credit.